**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC., an Oklahoma corporation; and COURTNEY HUMPHREY, an Individual, <br><br> Plaintiffs, <br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INS. CO.; STATE FARM LIFE INSURANCE CO.; STATE FARM FIRE AND CASUALTY CO.; STATE FARM GENERAL INSURANCE CO., a collection of foreign insurance companies, <br><br> Defendants. | Case No.:CIV-22-977-SLP <br> _____ <br><br> **(District Court of Canadian County; Case No. CJ-2021-140)** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO. and STATE FARM GENERAL INSURANCE COMPANY ("Defendants" or "State Farm Defendants"), hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b) to remove this action from the District Court of Canadian County, State of Oklahoma, on the grounds of diversity of citizenship. In support thereof, Defendants assert the following:

**DIVERSITY JURISDICTION**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441. This case may be removed pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Attachment of State Court Papers. Pursuant to 28 U.S.C. § 1446 and LCvR 81.2, copies of the papers filed in the State Court Action as of the time of this removal, are attached hereto as **Exhibits 1** -**Exhibit 44** as follows:

| | | |
|---|---|---|
| **EXHIBIT** | **1-** | Civil Cover Sheet-District Court |
| **EXHIBIT** | **2-** | Petition |
| **EXHIBIT** | **3-** | Entry of Appearance-R. Greg Andrews |
| **EXHIBIT** | **4-** | Summons-State Farm Automobile |
| **EXHIBIT** | **5-** | Summons-State Farm Life |
| **EXHIBIT** | **6-** | Summons-State Farm Fire and Casualty |
| **EXHIBIT** | **7-** | Summons-State Farm General |
| **EXHIBIT** | **8-** | Summons-Clarence Holley |
| **EXHIBIT** | **9-** | Return of Service-SFMAIC |
| **EXHIBIT** | **10-** | Return of Service-State Farm Life |
| **EXHIBIT** | **11-** | Return of Service-State Farm Fire & Casualty |
| **EXHIBIT** | **12-** | Return of Service-State Farm General |
| **EXHIBIT** | **13-** | Certificate of Service |
| **EXHIBIT** | **14-** | Joint Notice of Agreement to Extend SF Deadline to Answer |
| **EXHIBIT** | **15-** | State Farm Answer |
| **EXHIBIT** | **16-** | State Farm Motion for Partial Dismissal |
| **EXHIBIT** | **17-** | State Farm Motion to Associate-David Hughes |
| **EXHIBIT** | **18-** | Order Admitting David Hughes |
| **EXHIBIT** | **19-** | Plaintiffs' Response to SF Motion to Dismiss |
| **EXHIBIT** | **20-** | Plaintiffs' Supp. Response to SF Motion for Partial Dismissal |
| **EXHIBIT** | **21-** | Motion to Associate Lauren Gordon |
| **EXHIBIT** | **22-** | SF Reply to Motion to Dismiss |
| **EXHIBIT** | **23-** | Order to Associate Lauren Gordon |

| | | |
|---|---|---|
| **EXHIBIT** | **24-** | Notice that Defendant's Motion for Partial Dismissal is Under Advisement |
| **EXHIBIT** | **25-** | Plaintiff's Motion to Strike Sf Reply |
| **EXHIBIT** | **26-** | Order Denying SF Motion for Partial Dismissal |
| **EXHIBIT** | **27-** | SF Amended Answer |
| **EXHIBIT** | **28-** | Notice of Change of Address |
| **EXHIBIT** | **29-** | Motion Pro Hac Vice-Julie Ann Farmer |
| **EXHIBIT** | **30-** | SF Motion for Protective Order |
| **EXHIBIT** | **31-** | Protective Order |
| **EXHIBIT** | **32-** | Order to Admit-Julie Ann Farmer |
| **EXHIBIT** | **33-** | Entry of Appearance-Matthew Eckstein |
| **EXHIBIT** | **34-** | Motion Pro hac Vice-Claire Cook |
| **EXHIBIT** | **35-** | Order Pro Hac Vice-Claire Cook |
| **EXHIBIT** | **36-** | Plaintiffs' Motion to Compel |
| **EXHIBIT** | **37-** | Notice of Hearing-Motion to Compel |
| **EXHIBIT** | **38-** | SF Response to Motion to Compel |
| **EXHIBIT** | **39-** | Order-Continued Hearing |
| **EXHIBIT** | **40-** | SF Motion to Compel |
| **EXHIBIT** | **41-** | Plaintiff's Response to SF Motion to Compel |
| **EXHIBIT** | **42-** | Plaintiffs' Reply in Support of Motion to Compel |
| **EXHIBIT** | **43-** | SF Reply in Support of Motion to Compel |
| **EXHIBIT** | **44-** | Plaintiffs' DWOP-Clarence Holley |

**TIMELINESS OF REMOVAL**

3. On April 1, 2021, Plaintiffs HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC. ("HIFS") and COURTNEY HUMPHREY ("Plaintiffs") filed a Petition against the State Farm Defendants and Clarence Holley in the Canadian County District Court, which the state court designated as Case No. CJ-2021-140. True and correct copies of the Summons issued and Petition are attached (**Summons-Exhibits 4,5,6, and 7**) and (**Petition-Exhibit 2**).

4. In the Petition, Plaintiffs assert the following causes of action against the State Farm Defendants: (1) Breach of Contract; (2) Interference with Contract/Business Relations; (3) Interference with Prospective Economic Advantage; and (4) Defamation.

3

There was a fifth cause of action, Constructive Fraud/Negligent Misrepresentation, asserted only against former individual Defendant Clarence Holley ("Holley"), a retired State Farm employee. Plaintiffs, however, have voluntarily dismissed Holley as of October 14, 2022 (**Exhibit 44**).

5. With respect to the breach of contract claim against the State Farm Defendants, Plaintiffs allege they are seeking damages "well in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332."  (**Petition-Exhibit 2, ¶ 28)**

6. Plaintiffs served all of the State Farm Defendants with the Summons and Petition on April 9, 2021. (**Returns of Service on State Farm-Exhibits 9, 10, 11, 12**). Plaintiffs did not serve Holley.

7. On April 27, 2021, counsel for Plaintiffs and counsel for the State Farm Defendants agreed to extend the time to answer or otherwise respond to the Petition by twenty (20) days to May 17, 2021.  On April 27, 2021 counsel for the State Farm Defendants offered that they could accept service for the individual defendant Clarence Holley ("Holley"), a former State Farm employee, but counsel for Plaintiffs indicated he wanted to wait.  (**Exhibit 46, and Hughes Decl. ¶5, Exhibit 47)**. On May 3, 2021, Plaintiffs and the State Farm Defendants filed with the Court a Joint Notice extending the State Farm Defendants' time to answer or otherwise respond to the Petition to May 17, 2021. (**Exhibit 14**).

4

8.      On May 17, 2021, the State Farm Defendants answered the Petition and filed a Motion for Partial Dismissal (**State Farm's Answer-Exhibit 15, State Farm's Motion for Partial Dismissal-Exhibit 16**). The basis for the Motion was that the parties' contract governs their relationship and all other causes of action set forth in the Petition should be dismissed. True and correct copies of Plaintiffs' Response and Supplemental Response to State Farm's Motion are attached as **Exhibits 19 and 20** respectively.

9.      On August 4, 2021, the Court entered an Order denying the State Farm Defendants' Motion for Partial Dismissal (**Order-Exhibit 26**). The Court noted that the constructive fraud/misrepresentation claim was brought only against Holley as an individual. The Court further noted that "Holley has not yet been served with a summons and no appearance has been made for Holley," concluding that "[t]he Court is not going to rule on the merits of this claim on a motion filed by another party."

10.     On September 24, 2021, Plaintiffs responded to written discovery issued by the State Farm Defendants. In response to Interrogatory No. 10, they indicated they are seeking damages consisting of several components, including alleged loss of income in excess of $12 million, well above $75,000. (**Plaintiff's Discovery Responses-Exhibit 45**)

11.     On May 17, 2022, State Farm counsel David Hughes had a discovery conference with Matt Eckstein, who had been newly added as co-counsel for Plaintiffs. Mr. Hughes advised Mr. Eckstein that Holley had never been served to his knowledge and that his early understanding from Plaintiffs' counsel Greg Andrews was that a strategic

decision had been made not to serve Holley. Mr. Eckstein said he would talk to Mr. Andrews about that. (**Exhibit 46 and Hughes Decl. ¶ 10.-Exhibit 47**)

12.     Later, on May 17, 2022, Mr. Andrews emailed Mr. Hughes indicating he had just spoken with Mr. Eckstein about service on Holley, and that serving Holley had "fell through the cracks on [his] end and he was never served." Mr. Hughes responded via email on May 19, 2022, stating he had obtained authority from Defendant Holley to accept service on his behalf, provided Plaintiffs would allow Holley thirty (30) days to file a responsive pleading.  Mr. Andrews replied that he was agreeable to that and asked whether he could serve via email to Mr. Hughes rather than by process server.  Mr. Hughes replied that was agreeable. (**Hughes Decl. ¶ 10 -Exhibit 47**.)

13.     Plaintiffs never served Holley in the manner agreed upon or otherwise. (**Hughes Decl. ¶ 11.-Exhibit 47**)

14.     On October 14, 2022, Plaintiffs voluntarily filed with the Canadian Co. District Court Plaintiffs' Dismissal Without Prejudice – Clarence Holley. (**Exhibit 44.**)

15.     Tenth Circuit courts have long recognized the voluntary-involuntary test to determine whether removal of a case is appropriate. *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir. 1987).  The general effect of the test is "that if the resident [non-diverse] defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed." *Littell v.*

6

*Allstate Ins. Co.*, No. CIV 03-493 MCA/RHS, 2003 U.S. Dist. LEXIS 29174, at *16 (D.N.M. July 30, 2003) (citing *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (internal citations omitted)). Thus, in a case such as this where a plaintiff voluntarily dismisses an individual, non-diverse defendant and creates diversity, a defendant may remove the matter to federal court.

16. This removal is timely because it is filed within thirty (30) days after the receipt by Defendants of a copy of Plaintiffs' voluntary dismissal of Holley on October 14, 2022, leaving only the four State Farm entities as Defendants. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); see *DeBry*, 601 F.2d at 488; *Wagoner v. Hussey Seating Co.*, No. 13-CV-352-TCK-PJC, 2013 U.S. Dist. LEXIS 157238, at *20-21 (N.D. Okla. Nov. 14, 2013). Here, the dismissal of the non-diverse individual defendant was received on October 14, 2022, the same day it was filed. State Farm had no prior notice that Plaintiffs intended to dismiss Holley. (**Hughes Decl. ¶ 12.- Exhibit 47.**)

17. This removal is further timely because, even though it is more than one year after the commencement of the action, Plaintiffs plainly acted in bad faith in order to prevent Defendants from removing the action within one year of its commencement. 28 U.S.C. § 1446(c)(1); see *Aguayo v. AMCO Ins. Co.* 59 F. Supp. 3d 1225, 1264 (D.N.M.

2014) (holding that "the bad-faith exception prohibits plaintiffs from asserting good claims in bad faith: it permits removal whenever a plaintiff keeps a removal-spoiling party in the case past the one-year mark, and the removal-spoiling party is one whom the plaintiff would not have kept in the case but for the plaintiff's desire to defeat removal"). In Aguayo, the district court stated that "the Court will not focus on whether the plaintiff was motivated by a desire to stay out of federal court but will instead approach the issue by looking primarily at objective criteria, evaluating whether the plaintiff in fact pursued a non-forum-manipulation reason for joining and keeping the removal-spoiling defendant, i.e., whether the plaintiff actively litigated against the removal spoiler." Id.

18.     The court in Aguayo appears to be the first federal district court to comprehensively construe the "bad faith" exception. *Aguayo*, 59 F. Supp. 3d 1255. The court held a plaintiff's bad faith can manifest itself when a plaintiff names and retains non-diverse defendants to defeat complete diversity. *Id*. at 1261. The Aguayo court employed a two-step analysis to determine whether "bad faith" within the meaning of § 1446(c)(1) exists. First, the court determines whether the plaintiff actively litigated against the non-diverse defendant in state court such as asserting valid claims, taking discovery, seeking default judgment, etc. *Id*. at 1262. Failure to actively litigate against the non-diverse defendant will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, a defendant may attempt to rebut the presumption with direct evidence already in the defendant's possession which establishes that, despite the active litigation against the non-diverse defendant, the

8

plaintiff would not have named the non-diverse defendant or would have dismissed that defendant before the one-year mark but for the plaintiff's desire to keep the case in state court. *Id*. at 1262–63.

19. Tenth Circuit courts employ the Aguayo two-step analysis for determining whether "bad faith" within the meaning of § 1446(c)(1) exist. *See, e.g., Holman v. Coventry Health & Life Ins. Co.*, No. CIV-17-0886-HE, 2017 U.S. Dist. LEXIS 190903 (W.D. Okla. 2017) (concluding that the Aguayo analysis was a useful guide for analyzing the bad faith exception under § 1446(c)(1)). "If the plaintiff did not actively litigate against the removal spoiler, then bad faith is established." *Aguayo*, 59 F. Supp. 3d at 1263. Here, Plaintiffs did not litigate at all against Holley, the removal spoiler, and did not even serve Holley. As a result, no further analysis is needed, and bad faith is established.

20. Because Plaintiffs did not even serve the initial pleadings even after counsel agreed to accept service on his behalf – much less take discovery, seek default, or otherwise attempt to litigate as to Holley – State Farm's case is much more compelling than others where Tenth Circuit courts nonetheless have found that the bad faith exception applies. See e.g., *Calvary Baptist Church v. Church Mut. Ins. Co.*, No. CIV-15-1283-M, 2017 U.S. Dist. LEXIS 20613 (W.D. Okla. Feb. 14, 2017) (applying the bad faith exception where plaintiffs were non-responsive or unresponsive to defendant's discovery and it was only after expiration of one-year removal period that the defendant was able to ascertain the amount of damages sought by plaintiffs and determine case was removable.); see also *Partin v. Marmic Fire & Safety Co., Inc.*, No. 16-CV-647-JED-FHM, 2017 U.S. Dist.

LEXIS 105963 (N.D. Okla. July 10, 2017) (finding bad faith where plaintiff refused to comply with the Oklahoma pleading statute or respond to discovery regarding damages and the amount in controversy.).

21. Plaintiffs' failure to serve Holley at all and their decision to wait until after the one-year mark to dismiss Holley establish their failure to actively litigate against the removal spoiler defendant. Therefore, Plaintiffs acted in bad faith and the one-year limitation found in 28 U.S.C. § 1446(c)(1) does not apply.

22. Thus, this removal falls within the time period mandated by 28 U.S.C. § 1446(b).

23. Pursuant to 28 U.S.C. § 1446, a copy of the docket sheet and copies of all documents filed in the state court action are attached hereto as Appendix A.

### REMOVAL BASED ON DIVERSITY JURISDICTION

#### Diversity of Citizenship

24. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states.

25. Plaintiffs were, and were at all times relevant to this action, an individual and corporation residing in Oklahoma. (**Petition**-**Exhibit 2, ¶¶ 1, 2**.) Furthermore, Plaintiffs filed their Petition in Canadian County within the State of Oklahoma, seeking the

protections of the laws of this state. Thus, Plaintiffs should properly be construed as citizens of the State of Oklahoma.

26. The four State Farm Defendants are each corporations duly created and organized under the laws of the State of Illinois. At the time of the filing of the Petition, as well as the date of this Notice of Removal, all of the State Farm Defendants' headquarters and principal place of business were and are located in Bloomington, Illinois. From the executive and administrative offices at this location, the State Farm Defendants' officers direct, control, and coordinate the State Farm Defendants' nationwide services and overall business operations. The State Farm Defendants thus are citizens of Illinois for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

27. Also, Plaintiffs allege in their Petition that the State Farm Defendants are "foreign insurance companies organized under the laws of the State of Illinois and with principal offices located in Illinois." (**Petition-Exhibit 2, ¶ 3**)

28. Thus, with Plaintiffs as citizens of Oklahoma, and Defendants as citizens of Illinois, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. § 1332.

**BASIS FOR AMOUNT IN CONTROVERSY**

29. Without conceding that Plaintiffs are entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a). Plaintiffs specify in their Petition that Plaintiff HIFS's alleged damages "include but are not limited to: costs and expenses associated with State Farm advertising, signage, and building; lost revenues from continuing agency operations, lost bonuses and other income from dilution of Plaintiff HIFS's book of business by defendants moving clients to other agencies; and other lost income well in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332." (emphasis added). Moreover and as noted above, Plaintiffs have stated in discovery responses that they seek damages in excess of $12 million.

30. Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiffs' allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiffs would not be entitled to recover in excess of $75,000 should they prevail. A*nthony v. Security Pacific Fin. Servs., Inc*., 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

31. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## VENUE

32.  Venue lies in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

## NOTICE TO COURT AND PARTIES

33.  Along with the filing of this Notice of Removal in the United States District Court for the Western District of Oklahoma, written notice of the removal will be given by the undersigned to counsel for Plaintiffs and a copy of this Notice of Removal will filed with the Clerk of the District Court for Canadian County, State of Oklahoma.

34.  This Notice of Removal is signed by counsel for Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED:  November 10, 2022.

Respectfully submitted,

*/s/ Lance E. Leffel*
Lance E. Leffel, OBA No. 19511
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Avenue, Suite 2200
Oklahoma City, OK  73102
(405) 235-5500
(405) 235-2875 (fax)
*lleffel@gablelaw.com*

***Attorneys for Defendant, State Farm Fire and Casualty Company***

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

J R. Greg Andrews, OBA No. 190037
Andrews Law Firm, PLLC
2516 Tee Drive
Norman, OK 73069
PH: 405-360-7001
FAX: 405-360-7002
Greg@andrews.law

Matthew B. Eckstein, OBA No. 19087
Eckstein Law Firm, PLLC
2516 Tee Drive
Norman, Oklahoma 73069
PH:  (405) 738-8871
FAX:  (405) 360-7002

*Attorneys for Plaintiff*

                                                */s/ Lance E. Leffel*