FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA
AUG 0 4 2021
BY_____ DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

HUMPHREY INSURANCE AND )
FINANCIAL SERVICES, INC., an Oklahoma )
corporation; and COURTNEY HUMPHREY, )
an Individual, )
)
    Plaintiffs, )
) Case No. CJ-2021-140
v. )
)
STATE FARM MUTUAL AUTOMOBILE )
INS. CO.; STATE FARM LIFE INSURANCE )
CO.; STATE FARM FIRE AND CASUALTY )
CO.; STATE FARM GENERAL INSURANCE )
CO.; a collection of foreign insurance )
companies; and CLARENCE HOLLEY, an )
individual, )
)
    Defendants. )

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

Before the Court is a motion for partial dismiss filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company ("State Farm Defendants"). The State Farm Defendants are seeking the dismissal of the Plaintiffs' claims for: interference with contract/business relations, interference with prospective economic advantage, defamation, and negligent misrepresentation/constructive fraud. They are not seeking the dismissal of the Plaintiffs' remaining claim for breach of contract.

1

The Plaintiffs have filed a response and a supplemental response and the State Farm Defendants have replied.

**Interference with Contract/Business Relations**

The State Farm Defendants argue that Plaintiffs Humphrey Insurance and Financial Services, Inc.'s ("HIFS") claim for interference with contract/business relations should be dismissed because they cannot interfere with existing contractual or business relations to which they were a party. The Defendants also argue that dismissal is warranted because HIFS failed to allege sufficient facts showing that they interfered maliciously. A claim for interference with contract/business relations requires proof of the following: (1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage. *Wilspec Techs., Inc. v. Dunan Holding Group Co., Ltd.*, 2009 OK 12, ¶ 15, 204 P.3d 69, 74. The element of malice is defined as an unreasonable and wrongful act done intentionally, without just cause or excuse, and requires a showing of bad faith. *Tufffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 14, 212 P.3d 1158, 1165. Additionally, this claim is viable only if the interferor is not a party to the contract or business relationship. *Wilspec Techs., Inc.*, 2009 OK 12, ¶ 15.

HIFS alleges in the petition that it was appointed as an agent to represent the State Farm Defendants pursuant to a contract dated December 1, 2018. *See, Petition* at ¶ 5. HIFS

2

also alleges that it had separate contracts with its clients who had agreed to purchase insurance through them from one or more of the State Farm Defendants. *See, Petition* at ¶ 30. HIFS's claim for interference with contract/business relations is based on the allegation that the "State Farm Defendants unilaterally, intentionally and without cause, moved, transferred, and in other ways improperly pulled clients from Plaintiff HIFS's Agency and placed the same with different State Farm agents/agencies." *See, Petition* at ¶ 33. The petition clearly alleges that HIFS had contracts with its clients "separate and apart" from the contracts/agreements between HIFS and the State Farm Defendants.

In regard to the second element, which requires a plaintiff to plead that the interference was "malicious and wrongful," the Plaintiff alleges in the petition that the State Farm Defendants were aware of the contracts between HIFS and its clients and that the State Farm Defendants pulled their clients from their agency in violation of the contract between HIFS and the State Farm Defendants. *See, Petition* at ¶¶ 31-33. The Plaintiff has alleged sufficient facts that could demonstrate malice on the part of the State Farm Defendants.

A petition may not be dismissed for failure to state a claim unless the allegations show beyond any doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Indiana Nat'l Bank v. State Dept. of Human Services*, 1994 OK 98, ¶ 3, 880 P.2d 371, 375. The burden is upon the movant to demonstrate the legal insufficiency. *Gens v. Casady School*, 2008 OK 5, ¶ 8, 177 P.3d 565, 569. The State Farm Defendants have not me

3

their burden. HIFS's claim for interference with contract/business relations is legally sufficient to withstand the motion to dismiss.

**Interference with Prospective Economic Advantage**

The State Farm Defendants argue that HIFS's claim for interference with prospective economic advantage should be dismissed because HIFS had no valid expectancy of an economic advantage from State Farm customers because HIFS's agreement with State Farm could end at any time. Additionally, the Defendants argue that this claim cannot be maintained because they cannot unlawfully interfere with its own business relationship with the Plaintiffs or in its business relationships with State Farm customers. The Defendants arguments for dismissal are generally the same as its arguments for dismissal of the interference with contract claim. A claim for interference with prospective economic advantage requires proof of: (1) the existence of a valid business relation or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship has been disrupted. *Loven v. Church Mutual Ins. Co.*, 2019 OK 68, ¶ 21, 452 P.3d 418, 425. Interference with a prospective economic advantage usually involves interference with some type of reasonable expectation of profit, whereas interference with a contractual relationship results in loss of a property right. *Overbeck v. Quaker Life Ins. Co.*, 1984 OK CIV APP 44, ¶ 4, 757 P.2d 846, 847-48.

4

The alleged interference in this claim also involves the contractual relationship between HIFS and its clients. It does not involve the contractual relationship, if any, between HIFS clients and the State Farm Defendants or HIFS and the State Farm Defendants. HIFS has made sufficient allegations in the petition to state a claim for interference with prospective economic advantage and is legally sufficient to withstand the motion to dismiss.

**Defamation**

The Defendants argue that Plaintiff Humphrey's claim for defamation should be dismissed because the allegations are inconsistent regarding the truthfulness of State Farm's alleged defamatory statements and the allegations are insufficiently detailed to state a claim for defamation. The insufficiency of the allegations concerns Humphrey's failure to allege that the statements by the State Farm Defendants were unprivileged and failure to identify the State Farm personnel who made the defamatory statements. A communication is defamatory if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Wilson v. City of Tulsa*, 2004 OK CIV APP 44, ¶ 22, 91 P.3d 673, 680. A claim for defamation requires proof of: "(1) A false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of

5

special damage [per se], or the existence of special damage [per quod]." *Nelson v. Am. Hometown Publ'g, Inc.*, 2014 OK CIV APP 57, ¶ 24, 333 P.3d 962, 969.

Humphrey alleges in the petition that the State Farm Defendants' defamed her by making false statements to other insurance carriers that Humphrey "imputed inaccurate information and failed to supervise team members related to the auto application process." *See, Petition* at ¶ 53. The allegations set forth in paragraphs 52-56 of the petition are sufficient to state a plausible claim for defamation. The alleged insufficiencies in the details of this claim can be fleshed out during the discovery process.

### Constructive Fraud/Negligent Misrepresentation

The State Farm Defendants lastly argue that Humphrey's claim for constructive fraud/negligent misrepresentation should also be dismissed. HIFS has not made this claim against the State Farm Defendants. This is a claim brought only against Defendant Holley, as an individual. The court record indicates that Holley has not yet been served with a summons and no appearance has been made for Holley. The Court is not going to rule on the merits of this claim on a motion filed by a another party.

**IT IS THEREFORE ORDERED** that the State Farm Defendants' motion for partial dismissal is DENIED.

**IT IS SO ORDERED** this 4th day of August, 2021.

_____
PAUL HESSE
JUDGE OF THE DISTRICT COURT

## CERTIFICATE OF MAILING

I, Marie Hirst, Court Clerk for Canadian County, hereby certify that on the 4th day of August, 2021, a true and correct copy of the foregoing Order was mailed to each of the attorneys listed below:

R. Greg Lewis, 2516 Tee Drive, Norman, OK 73069
(greg@andrews.law)

Lance Leffel, One Leadership Square, 15th Floor, 211 North Robinson, Oklahoma City, OK 73102-7255
(lleffel@gablelaw.com)
David Hughes, 171 17th Street, NW, Suite 1200, Atlanta, GA 30363
(David.Hughes@jacksonlewis.com)
Lauren Gordon, 171 17th Street, NW, Suite 1200, Atlanta, GA 30363
(Lauren.Gordon@jacksonlewis.com)

Marie Hirst, Court Clerk

_____
By Deputy Court Clerk