UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUMPHREY INSURANCE AND FINANCIAL ) <br> SERVICES INC., an Oklahoma corporation; and ) <br> COURTNEY HUMPHREY, an Individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM MUTUAL AUTOMOBILE INS., ) <br> CO.; STATE FARM LIFE INSURANCE CO.; ) <br> STATE FARM FIRE AND CASUALTY CO.; ) <br> STATE FARM GENERAL INSURANCE CO., ) <br> a collection of foreign insurance companies; and ) <br> CLARENCE HOLLEY, an individual. ) <br> ) <br> Defendants. ) | Case No.: 5:22-cv-00977 SLP <br><br> (District of Canadian County; <br> Case No. CJ-2021-140) |

**PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT**

COMES NEW the Plaintiff, Humphrey Insurance and Financial Services Inc. ("HIFS"), and pursuant to Rule 26(b)(3), F.R.Civ.P., and Local Rules 7.1 and 37.1, moves this Court for an Order compelling the Defendants: State Farm Mutual Automobile Ins. Co., State Farm Life Insurance Co., State Farm Fire and Casualty Co., and State Farm General Insurance Co. (collectively referred to as "State Farm" or "Defendants"), to properly and completely respond to Plaintiff, Humphrey Insurance And Financial Services, Inc's First Set of Interrogatories, Request for Production to "State Farm."

This motion arises from State Farm's failure to timely make a discovery response. Pursuant to Rule 37.1 of the Local Rules for the Western District, counsel for Plaintiff and State Farm have conferred by telephone in an effort to resolve this discovery dispute, but State Farm continues to refuse and/or fail to provide the requested discovery. As such, Plaintiff is unable to resolve this discovery issue without this Court's assistance.

1. Plaintiff served Defendants with its First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions ("Discovery Requests") *via* e-mail on October 29, 2021.

2. On December 15, 2021, Defendants provided Defendant State Farm's Response and Objections to Plaintiff Humphrey Insurance and Financial Services, Inc.'s First Set of Interrogatories and Request's for Production ("Discovery Responses"). (*See*, Defendant's Discovery Responses, attached hereto as **Exhibit 1**).

3. Defendants' Discovery Responses were incomplete, and for the most part non-responsive.

4. On January 26, 2022, Plaintiff notified Defendants that their Discovery Responses were incomplete and non-responsive. (*See*, January 26, 2022 E-mail, attached hereto as **Exhibit 2**).

5. On March 1, 2021, Defendants responded to Plaintiff's January 26, 2022 correspondence in which they repeatedly stated that "State Farm stands on its objection" to the interrogatories. Defendants did agree to supplement their responses to several of the Requests for Production, but to date have failed to properly respond to all the requests made by the Plaintiff. (*See*, correspondence from David Hughes dated March 1, 2022 attached hereto as **Exhibit 3**).

6. On or about March 30, 2022 the Defendants submitted Defendant State Farm's First Supplemental Response and Objections to Plaintiff Humphrey Insurance And Financial Services, Inc.'s First Set of Interrogatories and Request for Production. (See, Defendant State Farm's First Supplemental Response and Objections to Plaintiff Humphrey Insurance And Financial Services, Inc.'s First Set of Interrogatories and Request For Production attached hereto as **Exhibit 4**).

7. On or about May 17, 2022 by agreement of the parties, the parties held a telephone conference to discuss the Defendants' responses or more appropriate the lack thereof. Again, counsel for the Defendants refused to supplement their responses or provide documents responsive

to the Plaintiff's Requests for Production.

8. On or about July 29, 2022 the Defendants submitted Defendant State Farm's Second Supplemental Response and Objections to Plaintiff Humphrey Insurance And Financial Services, Inc.'s First Set of Interrogatories and Request for Production. (See, Defendant State Farm's Second Supplemental Response and Objections to Humphrey Insurance and Financial Services, Inc.'s First Set of Interrogatories and Requests for Production attached hereto as **Exhibit 5**).

9. On August 16, 2022 the Plaintiff filed their Motion to Compel in the Canadian County District Court.

10. On or about August 18, 2022 the Defendants submitted Defendant State Farm's Third Supplemental Response and Objections to Plaintiff Humphrey Insurance And Financial Services, Inc.'s First Set of Interrogatories and Request for Production. (See, Defendant State Farm's Third Supplemental Response and Objections to Humphrey Insurance and Financial Services, Inc.'s First Set of Interrogatories and Requests for Production attached hereto as **Exhibit 6**).

11. On October 21, 2022 the District Court of Canadian County hearing Plaintiff's Motion to Compel and ruled that despite the multiple phone calls between the parties and correspondence noted above, that the Plaintiff had failed to comply with the 12 O.S. § 3237.

12. On or about November 15, 2022 the Defendants removed the matter to this court.

13. On or about December 9, 2022 the Defendants submitted Defendant State Farm's fourth Supplemental Response and Objections to Plaintiff Humphrey Insurance And Financial Services, Inc.'s First Set of Interrogatories and Request for Production. (See, Defendant State Farm's Third Supplemental Response and Objections to Humphrey Insurance and Financial Services, Inc.'s First Set of Interrogatories and Requests for Production attached hereto as **Exhibit 7**).

14. On or about December 15, 2022 the parties conducted the required Rule 26(f)

conference.

15. In the Joint Status Report and Discovery plan, paragraph No. 6 Defendants acknowledge that the parties have since conferred in good faith stating "The parties have since conferred in good faith and, subject to and notwithstanding their valid objections, Defendants served their Fourth Supplemental Responses to Plaintiff's Discovery three days after removal on December 8, 2022…"

16. On January 20, 2023 Counsel for the Plaintiff again reached out to the Defendants to attempt to resolve the remaining discovery issues. (See, e-mail correspondence from the undersigned to counsel for the Defendants dated January 2023 attached as **Exhibit 8**).

17. On or about January 24, 2023 counsel for the Defendants responded to the January 20, 2023 e-mail with their assessment of the outstanding discovery requests. (See, e-mail correspondence from David Hughes, counsel for the Defendants, response attached as **Exhibit 9**).

18. The information and/or documentation sought by the Plaintiff through their Discovery Requests is relevant and/or calculated to lead to the discovery of admissible evidence, and necessary for it to prepare its case for trial. Without the requested information, Plaintiff cannot proceed with depositions, etc., in this case. Plaintiff should not have to wait until Defendants are ready to supplement its Discovery Responses for the fifth time, as Defendants have had since October 29, 2021 to properly response to these discovery requests and has wholly failed to do so.

19. The parties have agreed to use the discovery that was initiated in the Canadian County case and not to start the process over after the case was removed to Federal Court.

20. The parties have agreed to enter a protective order, consistent with the case in District Court.

21. Plaintiff has communicated with Defendants *via* telephone, letter, and e-mail in a good faith effort to resolve the above discovery issues without court intervention. Despite said communication, Plaintiff remains without the information and/or documents they needs

to prepare for this litigation. Accordingly, Rule 26(b)(3), F.R.Civ.P., and Local Rules 7.1 and 37.1 have fully been complied with. The parties are at a point where they have thoroughly discussed each and every one of the outstanding requests and are at an impasse.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any compliance check made by you, or anyone on your behalf, of Plaintiff.

**Response:** State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the term "compliance check" as vague and ambiguous. State Farm object to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any compliance check made by you, or anyone on your behalf, of Plaintiff.

**Response:** State Farm objects to this request to the extent it is duplicative of Request No. 19 above. State Farm further objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the term "compliance check" as vague and ambiguous. State Farm object to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

> **REQUEST FOR PRODUCTION NO. 24:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any compliance check made by you, or anyone on your behalf, of Lori King.

**Response:** State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant subject matter or other relevant limiting factor and seek irrelevant information rather than those documents there are relevant to the allegations asserted in this lawsuit. Defendant further objects to the term "compliance check" as vague and ambiguous. State Farm object to the request to the

6

extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any compliance check made by you, or anyone on your behalf, of Lori King.

**Response:** State Farm objects to this request to the extent it is duplicative of Request No. 24 above. State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. . The request is not limited to a relevant subject matter or other relevant limiting facto and seek irrelevant information rather than those documents there are relevant to the allegations asserted in this lawsuit. Defendant further objects to the term "compliance check" as vague and ambiguous. State Farm object to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 32:** Produce all policies and procedures relating to Term Independent Contract Agents that have existed since April 1, 2016.

**Response:** State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 43:** Produce all, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation, or discussion, however informal, between you, or anyone on your behalf, and the client(s) moved from the Fuqua Agency to Plaintiffs' Agency.

**Response:** State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 44:** Produce all, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you, or anyone on your behalf, and the client(s) moved from Plaintiffs' Agency to any agent/agency after Plaintiffs' termination.

**Response:** State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 45:** Produce copies of all documents regarding Fuqua's termination/resignation that was mailed by you to the

>Oklahoma Department of Insurance and/or FINRA, to include a copy of the audit file.

**Response:**  State Farm objects to this request on the grounds that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

>**REQUEST FOR PRODUCTION NO. 46:**  Produce copies and/or audit of the complete consumer report history for all former employees, agents and/or team members of Fuqua between January 1, 2016 and December 31, 2020.

**Response:**  State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

>**REQUEST FOR PRODUCTION NO. 47:**  Produce copies and/or audit of the complete consumer report history for all agents, who formerly worked with or for Kirk Fuqua, and who attended Kirk Fuqua's SWAT Program between January 1, 2016 and December 31, 2020.

**Response:**  State Farm objects to this request to the extent it is duplicative of Request No. 46 above.  State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

>**REQUEST FOR PRODUCTION NO. 49:**  Produce a copy of the assignment distribution of Plaintiffs' that identifies what agents/agencies each client was

transferred to by you, and that identifies what compensation was paid by you to each agent/agency for each client since Plaintiffs' termination.

**Response:** State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers and individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 53:** Produce the complete personnel file for each person directly involved in the determination to terminate Plaintiffs' agency agreement. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employees' initial application, letter of acceptance, reviews of performance, employee handbook containing the employees' signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

**Response:** State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 54:** Produce the complete personnel file for Clarence Holley. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's agent file, corporate file, initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

**Response:** State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence. State Farm further objects to this request on the grounds that it seeks private and confidential employee information.

**REQUEST FOR PRODUCTION NO. 55:** Produce the complete personnel file for Samantha Haddock a/k/a Samantha Boyd. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits,

beneficiaries, banking information, or direct deposit information need not be produced.

**Response:**  State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.  State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 56:**  Produce the complete personnel file for Kimberly Marshall.  For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable.  Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

**Response:**  State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.  State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 57:**  Produce the complete personnel file for Steve Bennet.  For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance,

reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

**Response:**  State Farm objects to this request on the ground that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.  State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

21. As of the date of filing this Motion, State Farm has had more than **four hundred and sixty-three (460)** days to properly respond to Plaintiff's discovery requests, and has failed and/or refused to do so.  As of the date of filing this Motion, State Farm's discovery responses to Plaintiff's First Set of Interrogatories and Requests for Production are **four hundred and thirty (430) days delinquent**.

22. The failure and/or refusal by State Farm to cooperate with the discovery process is mirrored by its failure and/or refusal to cooperate and deal fairly with the Plaintiff on her claims.

23. As a result of State Farm's refusal to cooperate with the discovery process, Plaintiff requests:

    (a) An order of this Court compelling State Farm to provide responsive documents to Plaintiff's First Set of Interrogatories and Requests for Productions, within three (3) business days from the date of this Court's ruling:

(b) An award of Plaintiffs' reasonable expenses incurred in obtaining this Order, including her attorney's fees, as provided by statute and local rules.

## CONCLUSION

For the above stated reasons, Plaintiffs request this Court sustain this Motion to Compel.

**WHEREOFRE**, premises considered, Plaintiff respectfully requests: An Order compelling State Farm to produce the answers to the interrogatories sought by the Plaintiff in this Motion to Compel within three (3) business days from the date of this Court's ruling; an Order of this Court awarding Plaintiffs' reasonable expenses incurred in obtaining this order, including her attorney's fees; and an expedited hearing on this matter so that the Plaintiff can provide the necessary documents to her expert witnesses for their review, to complete written discovery, and to conduct depositions.

    Respectfully submitted,

    s/ Matthew B. Eckstein
    _____
    Matthew B. Eckstein OBA #19087
    Eckstein LAW FIRM, PLLC
    2516 Tee Drive
    Norman, Oklahoma 73069
    Telephone:   (405) 738-8871
    Facsimile:    (405) 360-7002
    E-mail: matt@eckstein.law
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

    Lance E. Leffel, OBA#19511
    GableGotwals
    One Leadership Square, 15th Floor
    211 N. Robinson

Oklahoma City, Oklahoma 73102-7255
Telephone: (405) 235-5500
Facsimile: (405) 235-2875
E-mail: lleffel@gablelaw.com

And

David A. Hughes, Georgia Bar No. 375618
Lauren F. Gordon, Georgia Bar No. 557058
Jackson Lewis, P.C.
171 17th Street, NW Suite 1200
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
E-mail: david.hughes@jacksonlewis.com
Lauren.gordon@jacksonlewis.com