## IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

HUMPHREY INSURANCE AND FINANCIAL )
SERVICES, INC., an Oklahoma corporation; and )
COURTNEY HUMPHREY, an Individual, )
                                   )
           Plaintiffs, )
                                   )
v.                                    )     Case No. CJ-2021-140
                                   )
STATE FARM MUTUAL AUTOMOBILE INS. )
CO.; STATE FARM LIFE INSURANCE CO.; )
STATE FARM FIRE AND CASUALTY CO.; )
STATE FARM GENERAL INSURANCE CO., a )
collection of foreign insurance companies; and )
CLARENCE HOLLEY, an individual, )
                                   )
           Defendants. )
                                   )

---

**DEFENDANT STATE FARM'S RESPONSES AND OBJECTIONS TO PLAINTIFF
HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

---

Defendants State Farm Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (collectively "State Farm"), serves its Responses and Objections to Defendant Humphrey Insurance and Financial Services, Inc.'s (hereinafter "HIFS" or "Plaintiff") First Set of Interrogatories and Requests for Production as follows[1]:

### INTRODUCTION REGARDING INTERROGATORIES

State Farm has not fully completed discovery or preparation for trial in this action. These

---

[1] HIFS served separate, identical written discovery sets to each of the four State Farm defendants. For ease of reference and judicial economy, State Farm is providing a single set of combined responses and will be producing a single set of documents on behalf of all State Farm defendants.

answers are based only upon information presently available to State Farm and are given in a good faith effort to respond to Plaintiff's Interrogatories.

Each of the answers is made subject to any and all objections as to competence, relevance, or other grounds that would require exclusion of such statement if made by a witness present and testifying in court. Any and all such objections and grounds are expressly reserved and may be interposed at the time of the trial. To the extent any answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

Except for the explicit facts stated therein, no incidental or implied admissions are intended. The fact that State Farm has answered any interrogatory or part thereof is not an admission or acceptance by State Farm of the existence of any facts set forth or assumed by such interrogatory.

Any information State Farm provides is based only upon information presently available to State Farm and is given in a good faith effort to respond to Plaintiff's Interrogatories. It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional information, add meaning or context to known information, and/or establish entirely new factual conclusions and legal contentions with respect to information currently known to State Farm. The answers therefore will be given without prejudice to State Farm's right to provide, pursuant to the Oklahoma Code of Civil Procedure, any information which may subsequently be discovered or determined to be relevant to the subject matter involved in the pending action. These answers should not be construed as prejudicing or in any way limiting State Farm with respect to further discovery, research, analysis, or proof.

2

## GENERAL OBJECTIONS TO INTERROGATORIES

1.    State Farm generally objects to Plaintiff's Interrogatories to the extent Plaintiff seeks information not relevant to the narrow issues concerning the claims against State Farm in this action and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

2.    State Farm generally objects to Plaintiff's Interrogatories to the extent Plaintiff seeks information relating to issues that are time-barred.

3.    State Farm generally objects to Plaintiff's Interrogatories to the extent they are overly broad and unduly burdensome particularly as to the time, place, and employees for whom information is sought.

4.    State Farm generally objects to Plaintiff's Interrogatories to the extent Plaintiff seeks information protected by the attorney-client privilege and/or the work product doctrine.

5.    State Farm generally objects to Plaintiff's Interrogatories on the grounds they seek information that constitutes or contains trade secrets or other confidential, personnel, development or commercial information which is of a personal or confidential nature to employees, former employees, customers, or former customers.

6.    State Farm generally objects to Plaintiff's Interrogatories to the extent they are repetitive or cumulative.

7.    State Farm generally objects to Plaintiff's Interrogatories to the extent they do not comply with, or impose upon State Farm requirements in excess of those required by, the Oklahoma Code of Civil Procedure.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify by name, residence address and residence telephone number; along with the business address and business telephone number of each and every person answering and/or assisting in answering these interrogatories, requests for production and requests for admissions submitted simultaneously herewith.

**ANSWER**:

State Farm objects to this interrogatory on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit. State Farm further objects to the interrogatory on the grounds that it seeks information protected by the work product doctrine.

**INTERROGATORY NO. 2**: Identify by name, residence address and residence telephone number; along with the business address and business telephone number of all persons whom you intend to call, or anticipate calling, as a witness at the trial of this action, and state in as much detail as possible the anticipated testimony of each such person.

**ANSWER**:

State Farm objects to this interrogatory on the grounds that it is premature and seeks information protected by the work product doctrine. State Farm further objects to the interrogatory to the extent it requires State Farm to marshal all of its evidence in response to an interrogatory. Subject to and without waiving the foregoing objections, State Farm will designate and disclose its trial witnesses in accordance with the applicable court rules and orders. Subject to and without waiving the foregoing objections, State Farm provides the following information regarding individuals with knowledge of relevant facts in this matter:

- Courtney Humphrey
- Clarence Holley

4

- Steve Bennett

- Reggie Gallant

- Brian Maxwell

- Lori King

**INTERROGATORY NO. 3**: Identify each person you anticipate calling as an expert witness at the trial of this action, and for each witness, provide the following:

    a.  His/her address;

    b.  The substance of the facts and opinions to which the expert is expected to testify;

    c.  A summary of the grounds for each such opinion;

    d.  His/her qualifications, including a list of all publications authored by him/her within the preceding ten (10) years;

    e.  The compensation to be paid to him/her for the testimony and preparation for the testimony;

    f.  A list of other cases in which he/she has testified as an expert at trial, or by deposition, within the preceding four (4) years;

    g.  The date the expert was retained; and

    h.  Whether the expert has rendered a written opinion.

**ANSWER**:  State Farm objects to this interrogatory on the grounds that it is premature and seeks information protected by the work product doctrine.  State Farm further objects to the interrogatory to the extent it requires State Farm to marshal all of its evidence in response to an interrogatory.  Subject to and without waiving the foregoing objections, State Farm will designate and disclose any expert witnesses in accordance with the applicable court rules and orders.

**INTERROGATORY NO. 4**: State the name, address, telephone number and amount of compensation paid to any and all private investigators, detectives or any other individuals you have hired to observe or investigate the Plaintiff in any way at any time. State the findings of any such

5

investigation and state whether any written records, tapes, video cassettes or audio cassettes were produced in connection with any investigation.

**ANSWER**:  State Farm objects to this interrogatory on the grounds that it is overly broad in scope and seeks information which is neither relevant not reasonably calculated to lead to the discovery of admissible evidence.  State Farm further objects to the interrogatory to the extent it seeks information protected by the work product doctrine.  State Farm further objects to the interrogatory to the extent it requires State Farm to marshal all of its evidence in response to an interrogatory.  Subject to and without waiving the foregoing objections, State Farm has not retained any "private investigators" or "detectives."

**INTERROGATORY NO. 5**: Have you kept any diaries, journals, calendars or other written record of any events relating to the claims in this matter? If your answer is yes, state the name, address and telephone number of each person who has or has had the original or a copy of each such document.

**ANSWER**:  State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm further objects to the interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Finally, State Farm objects to the interrogatory on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit. Subject to and without waiving the foregoing objections, State Farm refers generally to the documents produced in response to Plaintiff's requests for production.

**INTERROGATORY NO. 6**: Identify and describe in detail any and all communications between You and Plaintiff concerning matters relating to the Subject lawsuit. This interrogatory is

intended to elicit all communications including, but not limited to, verbal communication, email, text messages, or written communication, between you and Plaintiffs.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor. State Farm further objects to the extent its response to this interrogatory would result in the disclosure of information protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, State Farm refers generally to the documents produced in response to Plaintiff's requests for production.

**INTERROGATORY NO. 7:** Identify and describe in detail any and all communications between You and any other person concerning matters relating to the Subject lawsuit. This interrogatory is intended to elicit all communications including, but not limited to, verbal communication, email, text messages, or written communication, between you and Plaintiff.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor. State Farm further objects to the extent its response to this interrogatory would result in the disclosure of information protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, State Farm refers generally to the documents produced in response to Plaintiff's requests for production.

**INTERROGATORY NO. 8:** Explain with specificity the business relationship between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and (1) STATE FARM LIFE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries. Include in your response the roles, obligations and duties of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, State Farm objects to the interrogatory to the extent it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, State Farm refers to the information available at: https://www.statefarm.com/about-us/company-overview/company-profile/state-farm-companies.

**INTERROGATORY NO. 9:** Describe all agreements and/or contracts by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, that have existed since April 1, 2016.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, State Farm objects to the interrogatory to the extent it seeks confidential and proprietary business information.

8

**INTERROGATORY NO. 10:** Describe all policies and procedures by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, relating to Producers, that have existed since April 1, 2016.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to the term "Producers" as vague and undefined.

**INTERROGATORY NO. 11:** Describe all policies and procedures by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, relating to Agents, that have existed since April 1, 2016.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:** Describe all policies and procedures by You relating to the agency candidate process that have existed since April 1, 2016.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9

**INTERROGATORY NO. 13:** Describe all policies and procedures by You relating to production expectations that have existed since April 1, 2016.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Further, information regarding "production expectations" is not applicable to Plaintiffs' Independent Contract Agent relationship with State Farm.    Subject to and without waiving the foregoing objections, there are no production requirements for State Farm agents.

**INTERROGATORY NO. 14:** Describe all policies and procedures by You relating to Term Independent Contract Agents that have existed since April 1, 2016.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:** Identify the number of agents terminated by you within the past 15 years. Include in your answer the (1) city/state of the agent terminated, (2) date of termination, and (3) reason for termination.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to the interrogatory on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit. State Farm also objects to the extent the interrogatory erroneously presumes independent contractor agents, as opposed to Agents' Agreements, are "terminated."

**INTERROGATORY NO. 16:** Describe with specificity the reason(s) you terminated Plaintiffs' agency agreement. Include in your answer the person(s) who made the decision to terminate Plaintiffs' agency agreement.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in scope and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information related to the reasons for the termination of Plaintiffs' Agent's Agreement is not relevant to Plaintiffs' causes of action asserted in this case. Subject to and without waiving the foregoing objections, State Farm refers to the documents produced by State Farm regarding the termination of Plaintiffs' Agent's Agreement and termination review.

**INTERROGATORY NO. 17:** Identify any and all kickbacks, incentives and/or payments received by You under the DAC & ATM agreements/contracts for agent participation or investment.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:** Provide an account of all consumer reports run more than twice between January 1, 2016 and December 31, 2020, for any of the following offices. Include in your answer the specific number of consumer reports run more than twice and the date(s) each of those consumer reports (that were run more than twice) were run:

Drew Vincent & Team
Zach Russell & Team
Bryan Belgard & Team
Rusty England & Team
Bobby Lewis & Team
Jim Goldsworthy & Team

George Georgopulis & Team
Kirk Fuqua & Team
Jason Bridwell & Team
Scott Tabaras & Team
Sam Haddock aka Samantha Boyd & team
Hunter Chaumont & Team
Agents under Ami Kuhlman Sales Leader & their team members
Agents under Clarence Holley Sales Leader & their team members
Rendi Black agents & team
Brian Maxwell agents & team
Bronson Schubert & team
Kyle Dace & Team
Chris Atchley & Team
Tag Rome & Team
Greg Ellis & Team
Shawn Dunn & Team
Polo Garcia & Team
Dallas Hoffron & Team
JJ Grantham & Team
Hunter Wyant & team
Al Johnson & Team
Jim Hutson & Team
Tyler McCall & Team
Mike Thompson & Team
Oanh Stanger & Team
Kenny Smith & Team
Devin Smith & Team
Cal Kilburz & Team
Rod Chew & Team
Chuck Cornelison & Team
Jeremy Henley & team
Paul Garetson & Team
Gavan Byrd & team
Eric Ledoux & Team
Misty Castilia & team
Justin Bigby & Team
Mark Franklin Irwin & team
Marvin Manns & team
Robert Ramos & team
David Buoy & team
Corbin Cooper & team
Joe Baker & Team
Josh Bell & team
Scott Graves & Team
Justin Bigby & team
Scott Smith & team -

Cameron Goodwin & Team
Bruce Morris & Team
Terry Stacy & Team
Kevin McMillan & Team
All Chairman Circle Agents Since 04/01/2016
All Club Level 2 and above Travel agents since 04/01/2016
All agents in the South Central market Area if not included previously

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory seeks irrelevant comparator information.

**INTERROGATORY NO. 19:** Identify whether you, or anyone on your behalf, conducted an audit, investigation, and/or compliance check on any of the offices identified under Interrogatory No. 18 above for running consumer reports more than twice. If so, identify the results of each audit, investigation and/or compliance check for each office.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory seeks irrelevant comparator information. State Farm further objects to the extent the interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine, as the audit of Plaintiffs' agency was conducted under supervision of counsel.

**INTERROGATORY NO. 20:** Did you ever report Plaintiff, Courtney Humphrey's MDRT qualification to MDRT? If so, when? If not, why not?

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery

13

of admissible evidence. The interrogatory is not limited to relevant subject matter or other relevant limiting factor.

**INTERROGATORY NO. 21:** Identify all agents audited by you within the South Central Market between January 1, 2015 and December 31, 2020.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory seeks irrelevant comparator information. State Farm further objects to this interrogatory on the grounds it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**INTERROGATORY NO. 22:** Identify all clients that you moved from the Fuqua Agency to Plaintiffs' agency, and include the method in which each client request was received by you.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, subject matter, or other relevant limiting factor. State Farm further objects to the interrogatory because information regarding customers moved to Plaintiffs' agency is equally available to Plaintiffs. In addition, State Farm objects to this interrogatory on the grounds it seeks private and confidential information regarding State Farm's customers. Subject to and without waiving the foregoing objections, State Farm may, pursuant to the State Farm Agent's Agreement, transfer certain policies or accounts to the account of another State Farm agent. State Farm also has the right to reassign certain policies or accounts to the account of another State Farm agent upon termination of an Agent's Agreement.

**INTERROGATORY NO. 23:** Identify all clients that you moved from Plaintiffs' agency after Plaintiffs' termination. Include in your answer the name(s) of the agent/agency receiving the client, the method in which each client request was received by you, and all compensation paid by you to the new agent/agency from date of reassignment to present.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, subject matter, or other relevant limiting factor. State Farm further objects to the interrogatory with respect to the phrase "Plaintiffs' termination" as it implies Plaintiffs were employed by State Farm. Plaintiffs were not employees of State Farm. Further, information regarding customers who were reassigned after the termination of Plaintiffs' Agent's Agreement is not relevant to Plaintiffs' claims against State Farm. Under the Agent's Agreement, the customers serviced by Plaintiffs' agency are customers of State Farm, not Plaintiffs, and State Farm has the right to reassign certain policies or accounts to the account of another State Farm agent upon termination of an Agent's Agreement. After the termination of Plaintiffs' Agent's Agreement, Plaintiffs had no authority to act on behalf of State Farm with respect to State Farm customers. State Farm further objects to this interrogatory on the grounds it seeks private and confidential information regarding State Farm's customers and individuals who are not parties to this lawsuit.

**INTERROGATORY NO. 24:** Identify compensation paid to TASP or holding agent, Steve Manual, from Plaintiffs' termination date (November 20, 2020) to present, for all clients that you moved from Plaintiffs' agency after Plaintiffs' termination.

**ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to the interrogatory with respect to the phrase "Plaintiffs' termination" as it improperly implies Plaintiffs were employed by State Farm.  Plaintiffs were not employees of State Farm.  State Farm further objects to this interrogatory on the grounds it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**INTERROGATORY NO. 25**: Did any of the agency agreement terminations identified in your <u>Answer to Interrogatory No. 15</u> above result in a complaint, lawsuit, arbitration demand, or any other action against you? If so, please identify the name of the person/entity asserting such a claim and how the claim was resolved and/or determined, if at all.

**ANSWER**:  State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 26**: Since January 1, 2015, has any agent challenged their title as an independent contractor with you claiming they were an employee? If so, please identify the name of the person/entity asserting such a claim and how the claim was resolved and/or determined, if at all.

**ANSWER**:  State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 27:** For any Request for Admission in which you do not unequivocally admit, describe in detail the factual and legal basis for such a denial.

**ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the extent its response to this interrogatory would result in the disclosure of information protected by the attorney-client privilege and/or work product doctrine. Finally, State Farm objects to the interrogatory to the extent it seeks legal conclusions.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     The information supplied in these Responses represents information reasonably available at this time, and State Farm specifically reserves the right to supplement and/or amend these Responses if and when additional information becomes available. The word usage and sentence structure in these Responses are those of the attorneys who prepared the Responses and are not purported to be the exact language of State Farm or any witness.

2.     State Farm will endeavor to provide information in good faith and consistent with its obligations under the Oklahoma Code of Civil Procedure and the Local Rules for Canadian County, Oklahoma. State Farm reserves the right to supplement these responses as appropriate.

3.     State Farm objects to Plaintiff's instructions and definitions to the extent they differ from or exceed the requirements of the Oklahoma Code of Civil Procedure or the Local Rules for Canadian County, Oklahoma.

4.     State Farm is not required to respond to the Requests to the extent they seek information or documents not in the possession, custody, or control of State Farm, but rather of

State Farm's non-management employees or other entities.

      5.    State Farm objects to providing personal, confidential, and private information or documents before the entry of an appropriate Protective Order. State Farm will not produce documents until entry of such Protective Order, as the production of such information would violate individuals' privacy.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All documents supporting, discussing and/or concerning the allegations contained in the Pleadings filed in this action.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "all documents supporting, discussing and/or concerning" the allegations contained in the pleadings is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objection, non-privileged, relevant documents will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 2**: All documents constituting, discussing and/or concerning communications (including but not limited to conversations and correspondence), between you and Plaintiff or any other person relating to the issues raised herein.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "all documents constituting, discussing and/or concerning" communications between State Farm and Plaintiff or

"any other person relating to the issues raised herein" is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject, or other relevant limiting factor and therefore seeks irrelevant information rather than those documents and/or communications that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 3**: All documents which you intend to offer and/or anticipate offering as exhibits at the trial of this action.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, premature, and seeks information and documents protected by the work product doctrine. As such, the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm will designate its trial exhibits in accordance with the applicable court rules and orders in this case.

**REQUEST FOR PRODUCTION NO. 4**: All documents that you identified in your answers to Interrogatories or reviewed and/or utilized to any extent in preparing your answers to the Interrogatories above.

**RESPONSE**:

State Farm objects to this request to the extent that it seeks information and/or documents protected by the attorney-client privilege and/or work-product doctrine. As such, the request is overly broad in scope and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, non-privileged, relevant documents identified in State Farm's interrogatory answers will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 5**: All documents that you identified in your responses to Requests for Admissions or reviewed and/or utilized to any extent in preparing your responses thereto.

**RESPONSE**:

State Farm objects to this request to the extent that it seeks information and/or documents protected by the attorney-client privilege and/or work-product doctrine. As such, the request is overly broad in scope and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, none.

**REQUEST FOR PRODUCTION NO. 6**: Any and all expert reports and/or documents provided by, referred to, or relied upon by any expert involving the Subject lawsuit.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, premature, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm will designate and disclose its experts in accordance with the applicable court rules and orders.

**REQUEST FOR PRODUCTION NO. 7**: A copy of any statements given to you by anyone, including the Plaintiff, concerning or relating to any and all incidents which give rise to this lawsuit.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "any statements given to you by anyone" concerning or relating to "any and all incidents" which give rise to this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, responsive, non-privileged documents will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 8**: A copy of any communications given to you by anyone, including the Plaintiff, concerning or relating to any and all incidents which give rise to this lawsuit.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "any communications given to you by anyone" concerning or relating to "any and all incidents" which give rise to this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the

foregoing objections, responsive, non-privileged documents will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 9**: A copy of any and all communications given or taken by you (written, recorded, signed, videotaped or otherwise) from any person in respect to any and all events relating to the subject matter of this lawsuit.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "any and all communications given or taken by you (written, recorded, signed, videotaped or otherwise) from any person" related to "any and all events" related to the subject matter of this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, relevant, non-privileged communications will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 10**: Produce copies or make available the originals for copying all video and/or audio tape recordings you have made of conversations between yourself and Plaintiff that relate to the allegations contained in the pleadings filed herein.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "all video and/or audio tape recordings" of "conversations between yourself and Plaintiff that relate to the allegations contained in the pleadings" is overly broad in time and scope, unduly burdensome, and

seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, State Farm is not aware of any such recordings.

**REQUEST FOR PRODUCTION NO. 11:** Produce copies or make available the originals for copying all video and/or audio tape recordings you have made of conversations between yourself and any other person that relate to the allegations contained in the pleadings filed herein.

**RESPONSE**:

State Farm objects to this request on the grounds that grounds that a sweeping request for "all video and/or audio tape recordings" of "conversations between yourself and any other person that relate to the allegations contained in the pleadings" it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, State Farm is not aware of any such recordings.

**REQUEST FOR PRODUCTION NO. 12:** Produce copies or make available the originals for copying all video and/or audio tape recordings not already produced herein in which you intend to use as an exhibit at trial.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, premature, and seeks information and documents protected by the work product doctrine. As such, the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. State Farm will designate its trial exhibits in accordance with the applicable court rules and orders in this case.

**REQUEST FOR PRODUCTION NO. 13:** Produce copies or make available the originals for copying all photographs not already produced herein in which you intend to use as an exhibit at trial.

   **RESPONSE**:

   State Farm objects to this request on the grounds that it is overly broad in scope, premature, and seeks information and documents protected by the work product doctrine. As such, the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm will designate its trial exhibits in accordance with the applicable court rules and orders in this case.

**REQUEST FOR PRODUCTION NO. 14:** Produce any Documents reflecting communications between You and Plaintiff (other than solely your attorney) which relate to the facts and circumstances alleged in the pleadings in this case.

   **RESPONSE**:

   State Farm objects to this request on the grounds that a sweeping request for "any Documents reflecting communications" between State Farm and Plaintiff which "relate to the facts and circumstances alleged in the pleadings" is duplicative of prior requests, vague, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant individual, type of document, or other relevant limiting factor and therefore seeks irrelevant

information rather than those documents and/or communications that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, relevant, non-privileged communications will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 15:** Produce any Documents reflecting communications between You and any person or entity besides Plaintiff (other than solely your attorney) which relate to the facts and circumstances alleged in the pleadings in this case.

**RESPONSE**:

State Farm objects to this request on the grounds that a sweeping request for "any Documents reflecting communications" between State Farm and "any person or entity besides Plaintiff" which "relate to the facts and circumstances alleged in the pleadings" is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, relevant, non-privileged communications will be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 16:** Copies of all logs, calendars, journals, diaries, and other documentation, not already produced herein, that you have retained which relate to the facts and circumstances alleged in the pleadings in this case.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objections, State Farm does not possess any responsive logs, calendars, journals or diaries.

**REQUEST FOR PRODUCTION NO. 17:** Produce any item of evidence you intend to use in any way in this proceeding not already produced.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, premature, and seeks information and documents protected by the work product doctrine.  As such, the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm will designate its trial exhibits in accordance with the applicable court rules and orders in this case. State Farm further objects to the extent this request is duplicative of No.3 above.

**REQUEST FOR PRODUCTION NO. 18:** Produce all investigation reports, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however

informal, between you, or anyone on your behalf, and the Oklahoma Department of Insurance concerning either Plaintiff in this litigation.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, relevant communications with the Oklahoma Department of Insurance regarding Plaintiffs will be produced.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any compliance check made by you, or anyone on your behalf, of Plaintiff.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period,

individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the term "compliance check" as vague and ambiguous. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any compliance check made by you, or anyone on your behalf, of Plaintiff.

**RESPONSE:**

State Farm objects to this request to the extent it is duplicative of Request No. 19 above. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the term "compliance check" as vague and ambiguous. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other

material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any audit made by you, or anyone on your behalf, of Plaintiff.

**RESPONSE**:

State Farm objects to this request as duplicative of prior requests. Additionally, State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any audit made by you, or anyone on your behalf, of Plaintiff.

**RESPONSE**:

State Farm objects to this request on the grounds that it is duplicative of other requests, including Request No. 21 above. Additionally, State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it

seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 23:** Produce all investigation reports, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you, or anyone on your behalf, and the Oklahoma Department of Insurance concerning Lori King.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, relevant communications with the Oklahoma Department of Insurance regarding Lori King will be produced.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you

and any person or entity concerning any compliance check made by you, or anyone on your behalf, of Lori King.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant subject matter or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. Defendant further objects to the term "compliance check" as vague and ambiguous. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any compliance check made by you, or anyone on your behalf, of Lori King.

**RESPONSE**:

State Farm objects to this request to the extent it is duplicative of Request No. 24 above. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. Defendant further objects to the term "compliance check" as vague and ambiguous. State Farm further objects to the

request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any audit made by you, or anyone on your behalf, of Lori King.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any audit made by you, or anyone on your behalf, of Lori King.

**RESPONSE:**

State Farm objects to this request to the extent it is duplicative of Request No. 26 above. State Farm further objects to this request on the grounds that it is overly broad in time and scope,

unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  The request is not limited to a relevant time period,

individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather

than those documents that are relevant to the allegations asserted in this lawsuit.  State Farm further

objects to the request to the extent that it seeks information and documents protected by the

attorney-client privilege and/or work-product doctrine.

 **REQUEST FOR PRODUCTION NO. 28:** Produce all agreements and/or contracts by

and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY (2) STATE FARM FIRE AND CASUALTY

COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of

their subsidiaries, that have existed since April 1, 2016.

 **RESPONSE**:

 State Farm objects to this request on the grounds that it seeks information which is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

 **REQUEST FOR PRODUCTION NO. 29:** Produce all policies and procedures by and

between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY (2) STATE FARM FIRE AND CASUALTY

COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of

their subsidiaries, relating to Agents, that have existed since April 1, 2016.

 **RESPONSE**:

 State Farm objects to this request on the grounds that it seeks information which is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 30:** Produce all policies and procedures relating to the agency candidate process that have existed since April 1, 2016.

**RESPONSE:**

State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 31:** Produce all policies and procedures relating to production expectations that have existed since April 1, 2016.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, there are none.

**REQUEST FOR PRODUCTION NO. 32:** Produce all policies and procedures relating to Term Independent Contract Agents that have existed since April 1, 2016.

**RESPONSE:**

State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 33:** Produce copies of all DAC & ATM agreements/contracts.

**RESPONSE:**

State Farm objects to this request on the grounds that it is vague and ambiguous, overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 34:** Produce copies of all training material that explained and/or educated producers/agents/agent's team members on how to audit consumer report history for 2015, 2016, 2017, 2018, 2019, and 2020.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing objections, a transcript of training courses completed by Plaintiff Humphrey will be produced.

**REQUEST FOR PRODUCTION NO. 35:** Produce copies of the Agency Access Data Request for Plaintiffs' alias, wz95 for Plaintiffs' outlook mailbox, workstation hard drive, and W drive files for Plaintiffs and Plaintiffs' employees at the time of termination.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 36:** Produce copies of what you provided to Kirk Fuqua or his employee, Cassie Gryder, or anyone else on his behalf, in reply to their submission of the Agency Data Request form to gain access to the computer files of Plaintiffs' employee, Brandon Rondon, between January 1, 2019 and December 31, 2019.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between Clarence Holley and Kirk Fuqua concerning either of the Plaintiffs in this litigation, between July 1, 2016 and December 31, 2019. Clarence Holley's corporate phone line was 405-385-3600 and Kirk Fuqua's cell phone number was 318-349-0685.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, relevant, non-privileged communications relating to Plaintiffs will be produced to the extent any such documents are identified based on a reasonable search.

36

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between Steve Bennett and Kirk Fuqua concerning either of the Plaintiffs in this litigation, between January 1, 2015 and December 31, 2019. Kirk Fuqua's cell phone number was 318-349-0685.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, relevant, non-privileged communications relating to Plaintiffs will be produced to the extent any such documents are identified based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between Clarence Holley and Samantha Haddock a/k/a Samantha Boyd concerning either of the Plaintiffs in this litigation, between July 1, 2016 and December 31, 2019. Clarence Holley's corporate phone line was 405-385-3600 and Samantha Boyd's cell phone number was 405-788-9601.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, relevant, non-privileged communications relating to Plaintiffs will be produced to the extent any such documents are identified based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:** Produce copies of timeline and powerpoints shown during training and meeting presentations hosted and trained by Clarence Holley and/or Samantha Haddock a/k/a Samantha Boyd to agents and team members that were hosted at VPA Brian Maxwell office, or other locations in Oklahoma County, between January 1, 2016 and December 31, 2020.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, State Farm will produce responsive documents to the extent any such documents are identified based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:** Produce copies of all emails from Clarence Holley and/or Samantha Haddock a/k/a Samantha Boyd to Plaintiff, Courtney Humphrey, during her TICA year.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 42:** Produce copies of all documents regarding Plaintiffs' termination that were mailed to the Oklahoma Department of Insurance and/or FINRA, to include a copy of the audit file.

**RESPONSE**:

State Farm objects to this request to the extent it is duplicative of prior requests, including Request No. 18 and Request No. 19. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, relevant communications with the Oklahoma Department of Insurance regarding Plaintiffs will be produced.

**REQUEST FOR PRODUCTION NO. 43:** Produce all, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you, or anyone on your behalf, and the client(s) moved from the Fuqua Agency to Plaintiffs' Agency.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 44:** Produce all, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other

material that relate to any meeting, conversation or discussion, however informal, between you, or anyone on your behalf, and the client(s) moved from Plaintiffs' Agency to any agent/agency after Plaintiffs' termination.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 45:** Produce copies of all documents regarding Fuqua's termination/resignation that was mailed by you to the Oklahoma Department of Insurance and/or FINRA, to include a copy of the audit file.

**RESPONSE**:

State Farm objects to this request on the grounds that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 46:** Produce copies and/or audit of the complete consumer report history for all former employees, agents and/or team members of Fuqua between January 1, 2016 and December 31, 2020.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 47:** Produce copies and/or audit of the complete consumer report history for all agents, who formerly worked with or for Kirk Fuqua, and who attended Kirk Fuqua's SWAT Program between January 1, 2016 and December 31, 2020.

**RESPONSE**:

State Farm objects to this request to the extent it is duplicative of Request No. 46 above. State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.     State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 48:** Produce copies of your Employee File on Plaintiff, Courtney Humphrey, beginning from agent Aspirant, RPX, and other resources you used to determine if she would be selected for Agency. This should include the 3 first-year checkpoints used to determine getting her Contract through her termination.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, State Farm will produce Plaintiff Humphrey's employee file from the time she was an agent intern, her TICA file from the time she was a term independent contractor agent, and her agent contract file.

**REQUEST FOR PRODUCTION NO. 49:** Produce a copy of the assignment distribution of Plaintiffs' that identifies what agents/agencies each client was transferred to by you, and that

identifies what compensation was paid by you to each agent/agency for each client since Plaintiffs' termination.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to this request on the grounds that it seeks private and confidential information regarding State Farm's customers and individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 50:** Produce a copy of the transcript of Agent/Team Member training completed through My Block and previous training systems.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, material, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. Subject to and without waiving the foregoing objections, a transcript of training courses completed by Plaintiff Humphrey will be produced.

**REQUEST FOR PRODUCTION NO. 51:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application) or other material that shows your profits for 2020.

**RESPONSE**:

42

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to this request to the extent it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, State Farm refers to the information available at: https://www.statefarm.com/about-us/company-overview/company-profile/state-farm-companies.

**REQUEST FOR PRODUCTION NO. 52:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application) or other material that related to your profit and loss statements for 2020.

**RESPONSE**:

State Farm objects to this request to the extent it is duplicative of Request No. 51 above. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to this request to the extent it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, State Farm refers to the information available at: https://www.statefarm.com/about-us/company-overview/company-profile/state-farm-companies.

**REQUEST FOR PRODUCTION NO. 53:** Produce the complete personnel file for each person directly involved in the determination to terminate Plaintiffs' agency agreement. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employees' initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training

materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

      **RESPONSE**:

      State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

      **REQUEST FOR PRODUCTION NO. 54:** Produce the complete personnel file for Clarence Holley. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's agent file, corporate file, initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

      **RESPONSE**:

      State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm further objects to this request on the grounds that it seeks private and confidential employee information.

**REQUEST FOR PRODUCTION NO. 55:** Produce the complete personnel file for Samantha Haddock a/k/a Samantha Boyd. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

    **RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 56:** Produce the complete personnel file for Kimberly Marshall. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

    **RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 57:** Produce the complete personnel file for Steve Bennet. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

**RESPONSE:**

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 58:** Produce the complete personnel file for Lori King. For purposes of Plaintiffs' request for personnel file, you should produce any and all documents or information relating to the employee's initial application, letter of acceptance, reviews of performance, employee handbook containing the employees signature, any other signed

training materials, training transcripts, disciplinary information if applicable, exit interview if applicable, termination letter or information relating to termination if applicable. Documents related to insurance, other benefits, beneficiaries, banking information, or direct deposit information need not be produced.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   State Farm further objects to this request on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit.  Subject to and without waiving the foregoing objections, State Farm does not maintain "personnel files" for Agent Team Members.

**REQUEST FOR PRODUCTION NO. 59:** Produce the complete, unredacted original of every document, by whatever name or nomenclature, that refers to, relates or concerns any of Plaintiffs' claims or your defenses, except attorney-client communications and attorney work product.

**RESPONSE**:

State Farm objects to this request as duplicative of prior requests.  State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  A sweeping request for "every document" that "relates or concerns any of Plaintiffs' claims or your defenses" seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit.  Subject to and without waiving the

foregoing objections, relevant documents related to Plaintiff's claims and State Farm's defenses will be produced.

**REQUEST FOR PRODUCTION NO. 60:** Please produce all documents related to, mentioning, or in any way referencing Plaintiffs' performance, production numbers, production measurements or other evaluations as an agent for you and insurance policies during the time the Agent's Agreement was in effect.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, State Farm objects to the term "insurance policies" as vague, and information regarding "insurance policies" and "production numbers" are not relevant to Plaintiffs' claims against State Farm. Subject to and without waiving the foregoing objections, State Farm will produce Plaintiff Humphrey's employee file from the time she was an agent intern, her TICA file from the time she was a term independent contractor agent, her agent contract file, and agency compensation information.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documentation related to any write-ups or investigations by or on behalf of you, into Plaintiff and/or Plaintiff's agency during the time the Agent's Agreement was in effect; including, but not limited to, any findings, conclusions, reprimands, disciplinary actions or other performance altering directions or directives.

**RESPONSE**:

State Farm objects to this request as duplicative of prior requests. Additionally, State Farm objects to this request on the grounds that it is vague, ambiguous, seeks information which is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, State Farm does not issue "reprimands," "disciplinary actions," or "performance altering directions or directives" to Independent Contractor Agents. Subject to and without waiving the foregoing objections, non-privileged, relevant documents will be produced.

**REQUEST FOR PRODUCTION NO. 62:** Please produce any recordings of conversations, or transcripts thereof, between you, or anyone on your behalf, between you and Plaintiffs that occurred during the time the Agent's Agreement was in effect.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, State Farm is not aware of any such recordings.

**REQUEST FOR PRODUCTION NO. 63:** Produce all documentation of meetings, discussions, correspondence, decisions, or other documents related to or involved in your termination of Plaintiffs' Agent's Agreement.

**RESPONSE**:

State Farm objects to this request as duplicative of prior requests. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, responsive, non-privileged documents regarding the termination of Plaintiffs' Agent's Agreement and termination review will be produced.

**REQUEST FOR PRODUCTION NO. 64:** Produce all records and documents of any final accounting(s), payments owed or made, offsets, premiums earned, deductions, bonuses or other compensation to Plaintiffs in accordance with the provisions of the Agent's Agreement at the time you terminated the Agent's Agreement.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, relevant documents pertaining to compensation paid to Plaintiffs will be produced.

**REQUEST FOR PRODUCTION NO. 65:** Produce all communications or documents related to Plaintiffs or Plaintiffs' agency sent by or received by You from customers and/or clients of Plaintiffs' during the time the Agent's Agreement was in effect, specifically including the one (1) year period prior to your termination of the Agent's Agreement.

**RESPONSE**:

State Farm objects to this request to the extent it is duplicative of prior requests. State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request on the grounds that it seeks private and confidential information regarding State Farm's customers.

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents related to Plaintiffs or Plaintiffs' agency sent by or received by You from any of the other Defendants in this lawsuit

50

during the time the Agent's Agreement was in effect, specifically including the one (1) year period prior to your termination of the Agent's Agreement.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 67:** Produce all deposition transcripts, court transcripts and affidavits concerning testimony by any corporate representative of Defendant designated pursuant to FRCP 30(b)(6) or 12 O.S. §3230(CX5), relating to the running of a client's consumer report in Oklahoma from January 1, 2015 to present.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 68:** Produce all deposition transcripts, court transcripts and affidavits concerning testimony by any corporate representative of Defendant designated pursuant to FRCP 30(b)(6) or 12 O.S. §3230(CX5), relating to the termination of an Agent's Agreement in Oklahoma from January 1, 2015 to present.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 69:** Produce all deposition transcripts, court transcripts and affidavits concerning testimony by any corporate representative of Defendant designated pursuant to FRCP 30(b)(6) or 12 O.S. §3230(CX5), relating to the discussion and/or determination of whether an Agent is an independent contractor or employee under an Agent's Agreement in Oklahoma from January 1, 2015 to present.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 70:** For any Request for Admission in which you do not unequivocally admit, produce any and all documents or other tangible items which support such a denial.

**RESPONSE**:

State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine.

Respectfully submitted, this 15th day of December, 2021.

/s/ Lance E. Leffel
Lance E. Leffel, OBA #19511
GABLEGOTWALS
One Leadership Square, 15th Floor
211 North Robinson
Oklahoma City, OK 73102-7255
lleffel@gablelaw.com
Telephone:  405.235.5500

/s/ David A. Hughes
David A. Hughes
Georgia Bar No. 375618
JACKSON LEWIS P.C.
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
David.Hughes@jacksonlewis.com

ATTORNEYS FOR STATE FARM