

WRITER'S DIRECT EMAIL:
GREG@ANDREWS.LAW

R. GREG ANDREWS

January 26, 2022

*Via U.S. Mail*
*and Email:*   *lleffel@gablelaw.com*
               *david.hughes@jacksonlewis.com*
               *julie.farmer@jacksonlewis.com*

Lance E. Leffel, *Esq*.
GableGotwals
BOK Park Plaza
499 West Sheridan Ave., Suite 2200
Oklahoma City, Oklahoma 73102

*Re:*        *Humphrey Insurance and Financial Services, Inc., and Courtney*
             *Humphrey v. State Farm Mutual Automobile Insurance, et seq.*
             *U.S. District Court of Canadian County, Case No. CJ-2021-140*

Dear Mr. Leffel,

    We are in receipt of "State Farm's" Responses to Humphrey Insurance and Financial Services, Inc.'s ("Plaintiff" or "Humphrey") First Set of Discovery Requests. The purpose of this letter is to identify those areas in which Humphrey contends that your Client's answers to discovery, or lack thereof, and responses thereto were deficient so that we can, in good faith, attempt to resolve these issues without court intervention.

    First and foremost, discovery requests were served upon EACH of your Clients as their individual answers/responses may be different from the other. Your Clients did not provide separate discovery responses to my Clients' discovery requests. Please supplement immediately so that we have discovery responses from each of your four (4) Clients, and not just "State Farm".

### INTERROGATORIES

    In response to <u>Interrogatories Nos. 9, 10, 11, 12, 14, 15, 17, 18, 19, 21, 24, 25, 26, and 27</u>, your Client provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's

---

*Advice.  Advocacy.  Advancement.*

WWW.ANDREWS.LAW

2516 TEE DRIVE
NORMAN, OK 73069

TELEPHONE: (405) 360-7001
FACSIMILE: (405) 360-7002



PAGE 2 OF 5

Responses fail to include any of the requested information. Please supplement Defendant's Answers to these Interrogatories accordingly.

Furthermore, in response to <u>Interrogatories Nos. 5, 6, and 7</u>, State Farm Defendants "refer generally to documents produced in response to Plaintiff's requests for productions." However, no documents were ever produced by Defendants in response to Plaintiff's first set of Discovery Requests. As such, please provide responsive documents and supplement Defendant's Answers to Interrogatories immediately so that each Answer references the specific numbered document(s) that you contend are responsive to each Interrogatory.

> **<u>INTERROGATORY NO. 1</u>: Identify by name, residence address and residence telephone number; along with the business address and business telephone number of each and every person answering and/or assisting in answering these interrogatories, requests for production and requests for admissions submitted simultaneously herewith.**

Defendant's <u>Answer to Interrogatory No. 1</u> provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's Response fails to include the names, residence addresses, residence telephone numbers, business addresses, or business telephone numbers of any person answering and/or assisting in answering these interrogatories, requests for production and requests for admissions. Please supplement Defendant's Answer accordingly.

> **<u>INTERROGATORY NO. 2</u>: Identify by name, residence address and residence telephone number; along with the business address and business telephone number of all persons whom you intend to call, or anticipate calling, as a witness at the trial of this action, and state in as much detail as possible the anticipated testimony of each such person.**

Defendant's <u>Answer to Interrogatory No. 2</u> provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's Response fails to include residence address, residence telephone number, business address, business telephone number, or anticipated testimony of all persons whom they intend to call, or anticipate calling, as a witness at the trial of this action. Please supplement Defendant's Answer accordingly.

---

*Advice. Advocacy. Advancement.*

WWW.ANDREWS.LAW

2516 TEE DRIVE
NORMAN, OK 73069

TELEPHONE: (405) 360-7001
FACSIMILE: (405) 360-7002



**INTERROGATORY NO. 20:** **Did you ever report Plaintiff, Courtney Humphrey's MDRT qualification to MDRT?  If so, when?  If not, why not?**

Defendant's <u>Answer to Interrogatory No. 20</u> provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's Interrogatory is not overly broad (as Plaintiff only worked for State Farm since 2007), it is not unduly burdensome (as this information is readily available to Defendant), it does not seek information that is either irrelevant or unlikely to lead to the discovery of admissible evidence (as it directly relates to Plaintiff's claims in the Petition). Your Client either reported it or did not report it.  If it did, when?  If it did not, why not?  Please supplement Defendant's Answer accordingly.

**INTERROGATORY NO. 22:** **Identify all clients that you moved from the Fuqua Agency to Plaintiffs' agency, and include the method in which each client request was received by you.**

Defendant's <u>Answer to Interrogatory No. 22</u> provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's Response fails to identify all clients moved from the Fuqua Agency to Plaintiff's agency, and the method in which each client request was received by the Defendant. This interrogatory is limited to a relevant time period (as it is specifically limited to after Plaintiff worked for Fuqua) and subject matter (as it only asks about a specific client pool, being the clients moved from the Fuqua Agency to Plaintiff's agency). Your Client's Answer is wholly unresponsive.  If your Client is claiming a privilege, please provide an appropriate Privilege Log.  Otherwise, please supplement Defendant's Answer accordingly.

**INTERROGATORY NO. 23:** **Identify all clients that you moved from Plaintiffs' agency after Plaintiffs' termination.  Include in your answer the name(s) of the agent/agency receiving the client, the method in which each client request was received by you, and all compensation paid by you to the new agent/agency from date of reassignment to present.**

*Advice.  Advocacy.  Advancement.*

WWW.ANDREWS.LAW

2516 TEE DRIVE
NORMAN, OK 73069

TELEPHONE: (405) 360-7001
FACSIMILE: (405) 360-7002



PAGE 4 OF 5

Defendant's <u>Answer to Interrogatory No. 23</u> provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's Response fails to identify all clients moved from the Fuqua Agency to Plaintiff's agency, and the method in which each client request was received by the Defendant. This interrogatory is limited to a relevant time period (as it is specifically limited to after your Client terminated Plaintiff's Agency Agreement) and subject matter (as it only asks about a specific client pool, being the clients moved from my Client's Agency to other agencies). Your Client's Answer is wholly unresponsive. If your Client is claiming a privilege, please provide an appropriate Privilege Log. Otherwise, please supplement Defendant's Answer accordingly.

## REQUEST FOR PRODUCTION OF DOCUMENTS

In response to <u>Request for Production of Documents Nos. 2,19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, 35, 36, 41,43, 44, 45, 46, 47, 49, 53, 54, 55, 56, 57, 58, 65, 66, and 70,</u> the Defendant provides a litany of unsupported and undefined boilerplate objections, which are not proper under the Discovery Code without specific reference to support each objection. Defendant's Responses fail to include any of the requested information. Please supplement Defendant's Responses accordingly.

The Defendant's <u>Responses to RFP Nos. 1, 4, , 7, 8, 9, 14, 15, 18, 23, 34, 37, 38, 39, 40, 42, 48, 50, 59, 60, 61, 63, and 64</u> all contain similar language that provide, "Subject to and without waiving the foregoing objection, non-privileged relevant documents will be produced." However, no documents have been produced by Defendants in response to Plaintiffs' first set of Discovery Requests. Please provide responsive documents and supplement Defendant's Responses immediately so that each Response references the specific numbered document(s) that you contend are responsive to each RFP.

*Advice. Advocacy. Advancement.*

WWW.ANDREWS.LAW

2516 TEE DRIVE
NORMAN, OK 73069

TELEPHONE: (405) 360-7001
FACSIMILE: (405) 360-7002



PAGE 5 OF 5

      I look forward to your anticipated response.  I will contact you in a good faith effort to meet and confer with you on the above-identified issues.  In the meantime, should you have any questions or concerns, please do not hesitate to contact me.

Yours very truly,

R. Greg Andrews

cc:    Client

*Advice.  Advocacy.  Advancement.*

WWW.ANDREWS.LAW

2516 TEE DRIVE
NORMAN, OK 73069

TELEPHONE: (405) 360-7001
FACSIMILE: (405) 360-7002