# JacksonLewis

**Jackson Lewis P.C.**
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
(404) 525-8200 Main
(404) 525-1173 Fax
jacksonlewis.com

DIRECT DIAL: (404) 586-1832
EMAIL: DAVID.HUGHES@JACKSONLEWIS.COM

March 1, 2022

**Via Email: greg@andrews.law**
R. Greg Andrews, Esq.
Andrews Law Firm, PLLC
2516 Tee Drive
Norman, OK 73069

          RE:    *Courtney Humphrey v. State Farm Mutual Automobile Insurance Company, et al.*
                 District Court of Canadian County, State of Oklahoma,
                 Case No. CJ-2021-140

Dear Greg:

      This letter is in response to your January 26, 2022, which identified purported deficiencies in Defendants' discovery responses. Relatedly, we have reviewed Plaintiffs' deficient responses to State Farm's discovery requests and document production, and a letter detailing those deficiencies will be forthcoming.

**I.**      **Request for Separate Responses from Each Defendant**

      Footnote one of State Farm's responses makes clear that the responses apply to each of the named Defendants, and the responses refer to all Defendants collectively as "State Farm." Since the responses to the requests are the same for each Defendant, a separate set of responses is unnecessary. We do not see any good faith basis for this request and request that you provide us with the reason that this is necessary and why it is not appropriate to combine four identical responses into one document. However, if you provide this additional information and you still demand it, we are willing to prepare four separate sets of duplicate responses for each Defendant to avoid taking up the Court's time with the matter.

**II.**     **Interrogatories**

      <u>Interrogatories 5, 6, and 7</u>: You take issue with State Farm's reference to documents in the responses. We will be producing documents in response to Plaintiff's requests for production and are willing to discuss any remaining issues with these responses after you review the documents.

**JacksonLewis**

Interrogatory 1: We enclose the verification of Mr. Bennett, which provides responsive information. State Farm is not obligated to provide address and phone number information. You can contact us directly if you need any additional information.

Interrogatory 2: State Farm stands on its objections to this interrogatory. As noted, a request for information about anticipated trial witnesses at this stage of the litigation is premature and seeks attorney work product. We do not have anticipated trial witnesses at this time and any such list would depend on information revealed during discovery and the results of any motions for summary judgment. In any event, State Farm provided a list of individuals with knowledge of relevant facts in this matter and will provide a list of trial witnesses in accordance with applicable rules and orders.

Interrogatory 9: State Farm stands on its objections to this interrogatory. A sweeping request for a description of "all agreements and/or contracts" between State Farm Life Insurance Company and the three listed entities seeks irrelevant information, is not proportional to the needs of the case, and is nothing but a fishing expedition. If you can provide us with any good faith reasons why such information is relevant to this case or if you want to discuss narrowing your request to any particular agreements that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution.

Interrogatory 10: State Farm stands on its objections to this interrogatory. A sweeping request for a description of "all policies and procedures" by and between State Farm Life Insurance Company and the three listed entities relating to "Producers," an undefined term, seeks irrelevant information, is not proportional to the needs of the case, and is nothing but a fishing expedition. If you can provide us with any good faith reasons why such information is relevant to this case or if you want to discuss narrowing your request to any particular policies or procedures that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution.

Interrogatory 11: State Farm stands on its objections to this interrogatory. A sweeping request for a description of "all policies and procedures" by and between State Farm Life Insurance Company and the three listed entities relating to "Agents," seeks irrelevant information, is not proportional to the needs of the case, and is nothing but a fishing expedition. If you can provide us with any good faith reasons why such information is relevant to this case or if you want to discuss narrowing your request to any particular policies or procedures that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution. In addition, State Farm will supplement its response to refer to the agreements between State Farm and Plaintiff Humphrey, which are being produced.

Interrogatory 12: State Farm stands on its objections to this interrogatory. Plaintiffs assert no claim related to issues with the agency candidate process, so the request seeks irrelevant information. If you can provide us with any good faith reasons why such information is relevant

**JacksonLewis**

to this case or if you want to discuss narrowing your request to any particular items that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution.

<u>Interrogatory 14</u>: State Farm stands on its objections to this interrogatory. Plaintiffs assert no claim related to issues with the Term Independent Contract Agents (TICA) process, so the request seeks irrelevant information. If you can provide us with any good faith reasons why such information is relevant to this case or if you want to discuss narrowing your request to any particular items that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution.

<u>Interrogatory 15</u>: State Farm stands on its objections to this interrogatory. As noted, the request erroneously presumes that independent contractor agents, as opposed to Agents' Agreements are "terminated." Indeed, Plaintiffs' claims are based on contract, and it is these parties' actions in relation to their contractual obligations that are relevant. The requested information related to the "termination" of other agents is misplaced. Assuming the interrogatory seeks information relating to the terminations of Agents' Agreements of other than Humphrey's, such information is irrelevant to Plaintiffs' individual claims in this case. Additionally, a sweeping request for information regarding other agents over the past 15 years, without limitation, is unduly burdensome and not proportional to the needs of the case. This request is merely a fishing expedition.

<u>Interrogatory 17</u>: State Farm stands on its objections to this interrogatory. The marketing programs referenced in the interrogatories are optional for agents, and the individual agents can voluntarily choose whether or not to participate such programs. State Farm does not receive compensation from the marketing programs, but subsidizes the costs for the agents who choose to participate so that the cost to the agent is lower. Although it is wholly irrelevant to Plaintiffs' claims in this case, State Farm will supplement its response to the interrogatory consistent with this information.

<u>Interrogatory 18</u>: State Farm stands on its objections to this interrogatory. Plaintiffs' claims are based on contract, and it is these parties' actions in relation to their contractual obligations that are relevant. The requested comparator information about the listed "offices" relating to consumer report activity is irrelevant. Moreover, information regarding whether or not other "offices" were engaged in the same activities that led to the audit and termination of Plaintiff Humphrey's Agents' Agreement is irrelevant to Plaintiffs' individual claims in this case. Additionally, the request is unduly burdensome and not proportional to the needs of the case. This request is merely a fishing expedition.

<u>Interrogatory 19</u>: State Farm stands on its objections to this interrogatory. See discussion above regarding Interrogatory 18.

<u>Interrogatory 20</u>: State Farm stands on its objections to this interrogatory. However, State Farm will supplement its response as follows: State Farm did not complete any reporting to MDRT

JacksonLewis

March 1, 2022

Page 4

in 2018 or 2019 regarding Courtney Humphrey. Instead, Ms. Humphrey was eligible to self-certify as part of their mentoring program. Specifically, in 2018 (2019 MDRT) she was eligible to self-certify for the mentoring program with 50% of the production requirements. In 2019 (2020 MDRT) she was eligible again to self-certify for the mentoring program with 75% of the production requirements. Ms. Humphrey was included in an email regarding 2021 MDRT on 11/9/2020 that went to year to date qualified agents. Ms. Humphrey created an MDRT profile on 11/20/2020 creating her MDRT number of 1015268. In or around February 2021, State Farm provided Ms. Humphrey's 2020 production information to MDRT electronically using the MDRT number 1015268. Our understanding is that Ms. Humphrey did not complete the registration process or pay any dues to MDRT.

Interrogatory 21: State Farm stands on its objections to this interrogatory. Plaintiffs' claims are based on contract, and it is these parties' actions in relation to their contractual obligations that are relevant. Comparator information regarding other agents who were audited is irrelevant. Moreover, information as to whether or not other agencies in the South Central Market were audited during the requested time period has no bearing on Plaintiffs' claims in this case. Additionally, a sweeping request for a list of agents who were "audited," without limitation, is unduly burdensome and not proportional to the needs of the case. This request is merely a fishing expedition.

Interrogatory 22: State Farm stands on its objections to this interrogatory. Moreover, contrary to the contentions in your letter, State Farm *did* provide responsive information regarding its rights under the State Farm Agent's Agreement to transfer certain policies or account to the account of another State Farm Agent. The identities of the individual policy/account holders are irrelevant and confidential. However, State Farm will supplement its response with information regarding the number of customer/policy transfers from Fuqua's agency to Humphrey's agency.

Interrogatory 23: Some of the contentions in your letter regarding Interrogatory 23 appear to be a copy/paste of the contentions related to Interrogatory 22 and do not apply. In any event, as with Interrogatory 22, State Farm stands on its objections to this interrogatory. As with Interrogatory 22, State Farm *did* provide responsive information, and the identities of the individual policy/account holders are irrelevant and confidential. However, State Farm will supplement its response with information regarding the number of customer/policy transfers from Humphrey's agency after the termination of her agent's agreement.

Interrogatory 24: State Farm stands on its objections to this interrogatory. Compensation paid to Steve Manuel is irrelevant and confidential.

Interrogatory 25: State Farm stands on its objections to this interrogatory. See discussion above regarding Interrogatory 15. Moreover, whether other agency terminations across the U.S. resulted in complaints or other actions against State Farm is wholly irrelevant to whether State Farm breached any contractual duty to Plaintiff in this case, or for that matter to whether State Farm interfered with Plaintiff's contract/business relations, interfered with her "prospective economic advantage," defamed Plaintiff, or made any fraudulent or negligent misrepresentations

toward Plaintiff as alleged. Again, it is these parties' actions in relation to their contractual obligations and each other that are relevant.

Interrogatory 26:  State Farm stands on its objections to this interrogatory.  Humphrey does not allege in her Petition that she was an employee of State Farm, so information relating to such claims made by other agents is irrelevant.  Specifically, whether other agents across the U.S. have made such claims against State Farm is wholly irrelevant to whether State Farm breached any contractual duty to Plaintiff in this case, or for that matter to whether State Farm interfered with Plaintiff's contract/business relations, interfered with her "prospective economic advantage," defamed Plaintiff, or made any fraudulent or negligent misrepresentations toward Plaintiff as alleged. Again, it is these parties' actions in relation to their contractual obligations and each other that are relevant.

Interrogatory 27:  State Farm stands on its objections to this interrogatory.  If you can provide us with any good faith reasons why such information is relevant to this case or if you want to discuss narrowing your request to any particular items that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution.

### III.     Requests for Production

#### A.     Objections to specific requests

As a threshold matter, the requests for production in general are not tailored to the issues in this litigation and many are duplicative.  State Farm stands on its objections to Requests for Production 2, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, 35, 36, 41, 43, 44, 45, 46, 47, 49, 53, 54, 55, 56, 57, 58, 65, 66, and 70.  By way of further explanation, State Farm addresses its objections to these requests as follows:

> 1.    Requests relating to audits and "compliance checks" (Requests for Production 19, 20, 21, 22, 24, 25, 26, 27, 46, 47)

As noted in State Farm's objections, the term "compliance check" as used in the requests is vague and undefined, and as such, the requests do not describe with reasonable particularity the documents or categories of documents requested.  Several of these requests seek documents and information relating to Lori King.  Lori King was not an employee of State Farm and did not have an Agents' Agreement with State Farm.  Moreover, the requests seeking documents related to Kirk Fuqua's agency are not relevant to Plaintiffs' claims in this case.  Finally, there are many unnecessarily duplicative requests for audit information related to Plaintiffs.  State Farm is producing the audit report related to Humphrey's agency as well as relevant compliance communications and documentation related to Humphrey's agency.  Any relevant information related to Lori King is encompassed in these documents.

    2.    <u>Requests relating to agreements/contracts (Requests for Production 28, 33)</u>

These requests are not reasonably tailored and do not describe with reasonable particularity the documents or categories of documents requested. As such, they are merely a fishing expedition. State Farm is producing the relevant agreements and contracts for Humphrey and Humphrey's agency.

    3.    <u>Requests relating to policies and procedures (29, 30, 32)</u>

These requests are not reasonably tailored and do not describe with reasonable particularity the documents or categories of documents requested. As such, they are merely a fishing expedition. Moreover, policies and procedures related to the agency candidate process and Term Independent Contract Agents are not relevant to Plaintiffs' claims in this case. Plaintiffs assert no claim related to issues with the agency candidate process or TICA process. The documents being produced contain information relating to polices and procedures that pertained to Humphrey's agency, including the audit report and compliance documentation related to her agency.

    4.    <u>Requests relating to Agency Access Data Requests (Requests for Production 35, 36)</u>

These requests seek irrelevant information. Documents and communications related to requests for access to computer files are not relevant to Plaintiffs' claims in this case.

    5.    <u>Request for all emails from Clarence Holley and Samantha Haddock to Humphrey during her TICA year (Request for Production 41)</u>

This request is not reasonably tailored and does not describe with reasonable particularity the documents or categories of documents requested. Moreover, the request seeks irrelevant information. Plaintiffs assert no claims related to issues with the TICA process. The request is merely a fishing expedition.

    6.    <u>Requests relating to customer transfers (43, 44, 49)</u>

These requests are not reasonably tailored and do not describe with particularity the documents or categories of documents requested. As such, the requests are merely fishing expeditions. Moreover, the identities of the individual policy/account holders are irrelevant and confidential. As noted above, State Farm will supplement its responses to Interrogatories 22 and 23 with information regarding the number of policy/account transfers.

      7.    <u>Request relating to communications with Oklahoma Department of Insurance and/or FINRA regarding Kirk Fuqua's agency and audit file (Request for Production 45)</u>

Documents related to the termination of Kirk Fuqua's agency are not relevant to Plaintiffs' claims in this case.

      8.    <u>Requests for personnel files (Requests for Production 53, 54, 55, 56, 57, 58)</u>

The contents of personnel files of State Farm employees are wholly irrelevant to Plaintiffs' claims in this case. Humphrey was not an employee of State Farm, and Plaintiffs' claims are based in contract, and it is the parties' actions in relation to their contractual obligations that are relevant. Information contained in the personnel files of the requested individuals, and in particular, the individuals involved in the determination to terminate Plaintiffs' agency agreement as requested, has no bearing on Plaintiffs' claims in this case. These requests are merely fishing expeditions and harassing.

      9.    <u>Overly broad requests related to communications pertaining to Humphrey or Humphrey's agency (2, 65, 66)</u>

These requests are not narrowly tailored and do not describe with reasonable particularity the documents or categories of documents requested. The requests seek "all documents" and "all communications" that relate to "the issues raised herein" and "Plaintiffs or Plaintiffs' agency" without a relevant limitation. They are merely fishing expeditions and not proportional to the needs of the case. The requests, in particular Request for Production 65, also seek confidential information relating to State Farm customers.

      10.    <u>Request seeking documents supporting denials of requests for admissions (Request for Production 70)</u>

This request is not narrowly tailored and does not describe with reasonable particularity the documents or categories of documents requested. State Farm refers generally to the documents that are being produced.

With regard to the requests for production discussed above, if you can provide us with any good faith reasons why such information is relevant to this case or if you want to discuss narrowing your request to any particular items that you believe are relevant, please provide us with additional information so that we can review and discuss those issues with you to try to reach an amicable resolution.

**JacksonLewis**

**B.     Responses stating that documents will be produced subject to objections**

State Farm will serve supplemental responses to Requests for Production 1, 4, 7, 8, 9, 14, 15, 18, 23, 34, 37, 38, 39, 40, 42, 48, 50, 60, 61, 63, and 64 which refer to the responsive documents being produced along with corresponding bates numbers.

*\*\*\**

We are happy to discuss these requests with you to see if we can further clarify or narrow the issues and avoid the need for court intervention.

Very truly yours,

JACKSON LEWIS P.C.

*David A. Hughes*

David A. Hughes