IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC., an Oklahoma corporation; and COURTNEY HUMPHREY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO.; STATE FARM LIFE INSURANCE CO.; STATE FARM FIRE AND CASUALTY CO.; STATE FARM GENERAL INSURANCE CO., a collection of foreign insurance companies; and CLARENCE HOLLEY, an individual,<br><br>Defendants. | Case No. CJ-2021-140 |

**DEFENDANT STATE FARM'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendants State Farm Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (collectively "State Farm"), serve their First Supplemental Responses and Objections to Defendant Humphrey Insurance and Financial Services, Inc.'s (hereinafter "HIFS" or "Plaintiff") First Set of Interrogatories and Requests for Production.[1] State Farm incorporates its prior responses and objections as if fully set forth herein. Specifically, State Farm supplements its responses and

---

[1] HIFS served separate, identical written discovery sets to each of the four State Farm defendants. For ease of reference and judicial economy, State Farm is providing a single set of combined responses and will be producing a single set of documents on behalf of all State Farm defendants.

objections to Interrogatory Nos. 11, 17, 20, 22, and 23 and Request for Production Nos. 1, 4, 7, 8, 9, 14, 15, 18, 23, 34, 40, 42, 48, 50, 60, 61, 63, and 64 as follows:

### SUPPLEMENTAL ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 11:** Describe all policies and procedures by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, relating to Agents, that have existed since April 1, 2016.

**SUPPLEMENTAL ANSWER:** State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, State Farm refers to the agreements between State Farm and Plaintiff Humphrey, which are being produced. (See HUMC00000495-647).

**INTERROGATORY NO. 17:** Identify any and all kickbacks, incentives and/or payments received by You under the DAC & ATM agreements/contracts for agent participation or investment.

**SUPPLEMENTAL ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, State Farm does not receive compensation from the marketing programs, but subsidizes the costs for the agents who choose to participate.

**INTERROGATORY NO. 20:** Did you ever report Plaintiff, Courtney Humphrey's MDRT qualification to MDRT? If so, when? If not, why not?

**SUPPLEMENTAL ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to relevant subject matter or other relevant limiting factor. Subject to and without waiving the foregoing objections, State Farm did not complete any reporting to MDRT in 2018 or 2019 regarding Courtney Humphrey. Instead, Ms. Humphrey was eligible to self-certify as part of their mentoring program. Specifically, in 2018 (2019 MDRT) she was eligible to self-certify for the mentoring program with 50% of the production requirements. In 2019 (2020 MDRT) she was eligible again to self-certify for the mentoring program with 75% of the production requirements. Ms. Humphrey was included in an email regarding 2021 MDRT on 11/9/2020 that went to year to date qualified agents. Ms. Humphrey created an MDRT profile on 11/20/2020 creating her MDRT number of 1015268. In or around February 2021, State Farm provided Ms. Humphrey's 2020 production information to MDRT electronically using the MDRT number 1015268. State Farm's understanding is that Ms. Humphrey did not complete the registration process or pay any dues to MDRT.

**SUPPLEMENTAL INTERROGATORY NO. 22:** Identify all clients that you moved from the Fuqua Agency to Plaintiffs' agency, and include the method in which each client request was received by you.

**SUPPLEMENTAL ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, subject matter, or other relevant limiting factor. State Farm further objects to the interrogatory because information regarding customers moved to Plaintiffs' agency is equally available to Plaintiffs. In addition, State Farm objects to this interrogatory on the grounds it seeks private and confidential information regarding State Farm's customers. Subject to and without waiving the foregoing objections, State Farm may, pursuant to the State Farm Agent's Agreement, transfer certain policies or accounts to the account of another State Farm agent. Further, information regarding customers who were reassigned after the termination of Plaintiffs' Agent's Agreement is not relevant to Plaintiffs' claims against State Farm. Under the Agent's Agreement, the customers serviced by Plaintiffs' agency are customers of State Farm, not Plaintiffs, and State Farm has the right to reassign certain policies or accounts to the account of another State Farm agent upon termination of an Agent's Agreement. After the termination of Plaintiffs' Agent's Agreement, Plaintiffs had no authority to act on behalf of State Farm with respect to State Farm customers.

Subject to and without waiving the foregoing objections, and according to information currently available to State Farm, 166 policies were transferred from Kirk Fuqua's agency to Plaintiff Humphrey's agency.

**SUPPLEMENTAL INTERROGATORY NO. 23:** Identify all clients that you moved from Plaintiffs' agency after Plaintiffs' termination. Include in your answer the name(s) of the agent/agency receiving the client, the method in which each client request was received by you, and all compensation paid by you to the new agent/agency from date of reassignment to present.

**SUPPLEMENTAL ANSWER:** State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, subject matter, or other relevant limiting factor. State Farm further objects to the interrogatory with respect to the phrase "Plaintiffs' termination" as it implies Plaintiffs were employed by State Farm. Plaintiffs were not employees of State Farm. Further, information regarding customers who were reassigned after the termination of Plaintiffs' Agent's Agreement is not relevant to Plaintiffs' claims against State Farm. Under the Agent's Agreement, the customers serviced by Plaintiffs' agency are customers of State Farm, not Plaintiffs, and State Farm has the right to reassign certain policies or accounts to the account of another State Farm agent upon termination of an Agent's Agreement. After the termination of Plaintiffs' Agent's Agreement, Plaintiffs had no authority to act on behalf of State Farm with respect to State Farm customers. State Farm further objects to this interrogatory on the grounds it seeks private and confidential information regarding State Farm's customers and individuals who are not parties to this lawsuit.

Subject to and without waiving the foregoing objections, and according to information currently available to State Farm, 833 customers were transferred from Humphrey's agency after the termination of her Agent's agreement.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All documents supporting, discussing and/or concerning the allegations contained in the Pleadings filed in this action.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "all documents supporting, discussing and/or concerning" the allegations contained in the pleadings is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objection, non-privileged, relevant documents will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 4**: All documents that you identified in your answers to Interrogatories or reviewed and/or utilized to any extent in preparing your answers to the Interrogatories above.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request to the extent that it seeks information and/or documents protected by the attorney-client privilege and/or work-product doctrine. As such, the request is overly broad in scope and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, non-privileged, relevant documents identified in State Farm's interrogatory answers will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 7**: A copy of any statements given to you by anyone, including the Plaintiff, concerning or relating to any and all incidents which give rise to this lawsuit.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any statements given to you by anyone" concerning or relating to "any and all incidents" which give rise to this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, responsive, non-privileged documents will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 8**: A copy of any communications given to you by anyone, including the Plaintiff, concerning or relating to any and all incidents which give rise to this lawsuit.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any communications given to you by anyone" concerning or relating to "any and all incidents" which give rise to this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, responsive, non-privileged documents will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 9**: A copy of any and all communications given or taken by you (written, recorded, signed, videotaped or otherwise) from any person in respect to any and all events relating to the subject matter of this lawsuit.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any and all communications given or taken by you (written, recorded, signed, videotaped or otherwise) from any person" related to "any and all events" related to the subject matter of this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, relevant, non-privileged communications will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 14:** Produce any Documents reflecting communications between You and Plaintiff (other than solely your attorney) which relate to the facts and circumstances alleged in the pleadings in this case.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any Documents reflecting communications" between State Farm and Plaintiff which "relate to the facts and circumstances alleged in the pleadings" is duplicative of prior requests, vague, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant individual, type of document, or other relevant limiting factor and therefore seeks irrelevant information rather than those documents and/or communications that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, relevant, non-privileged communications will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 15:** Produce any Documents reflecting communications between You and any person or entity besides Plaintiff (other than solely your attorney) which relate to the facts and circumstances alleged in the pleadings in this case.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any Documents reflecting communications" between State Farm and "any person or entity besides Plaintiff" which "relate to the facts and circumstances alleged in the pleadings" is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, relevant, non-privileged communications will be produced upon entry of a protective order. See specifically HUMC00000001-745.

**REQUEST FOR PRODUCTION NO. 18:** Produce all investigation reports, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you, or anyone on your behalf, and the Oklahoma Department of Insurance concerning either Plaintiff in this litigation.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, relevant communications with the Oklahoma Department of Insurance regarding Plaintiffs will be produced. See specifically HUMC00000113-158.

**REQUEST FOR PRODUCTION NO. 23:** Produce all investigation reports, documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you, or anyone on your behalf, and the Oklahoma Department of Insurance concerning Lori King.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product

doctrine. Subject to and without waiving the foregoing objections, relevant communications with the Oklahoma Department of Insurance regarding Lori King will be produced. See specifically HUMC00000224-226.

**REQUEST FOR PRODUCTION NO. 34:** Produce copies of all training material that explained and/or educated producers/agents/agent's team members on how to audit consumer report history for 2015, 2016, 2017, 2018, 2019, and 2020.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing objections, a transcript of training courses completed by Plaintiff Humphrey will be produced. See specifically HUMC00000467-494.

**REQUEST FOR PRODUCTION NO. 40:** Produce copies of timeline and powerpoints shown during training and meeting presentations hosted and trained by Clarence Holley and/or Samantha Haddock a/k/a Samantha Boyd to agents and team members that were hosted at VPA Brian Maxwell office, or other locations in Oklahoma County, between January 1, 2016 and December 31, 2020.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, a transcript of training courses completed by Plaintiff Humphrey through the State Farm computer system will be produced. See specifically HUMC0000467-494.

**REQUEST FOR PRODUCTION NO. 42:** Produce copies of all documents regarding Plaintiffs' termination that were mailed to the Oklahoma Department of Insurance and/or FINRA, to include a copy of the audit file.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request to the extent it is duplicative of prior requests, including Request No. 18 and Request No. 19. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, relevant communications with the Oklahoma Department of Insurance regarding Plaintiffs will be produced. See specifically HUMC00000113-158.

**REQUEST FOR PRODUCTION NO. 48:** Produce copies of your Employee File on Plaintiff, Courtney Humphrey, beginning from agent Aspirant, RPX, and other resources you used to determine if she would be selected for Agency. This should include the 3 first-year checkpoints used to determine getting her Contract through her termination.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, State Farm will produce Plaintiff Humphrey's employee file from the time she was an agent intern, her TICA file from the time she was a term independent contractor agent, and her agent contract file. See specifically HUMC00000001-87, 311-312, 439-440, 495-647, 648-654,655-666.

**REQUEST FOR PRODUCTION NO. 50:** Produce a copy of the transcript of Agent/Team Member training completed through My Block and previous training systems.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, material, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. Subject to and without waiving the foregoing objections, a transcript of training courses completed by Plaintiff Humphrey will be produced. See specifically HUMC0000467-494.

**REQUEST FOR PRODUCTION NO. 60:** Please produce all documents related to, mentioning, or in any way referencing Plaintiffs' performance, production numbers, production measurements or other evaluations as an agent for you and insurance policies during the time the Agent's Agreement was in effect.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, State Farm objects to the term "insurance policies" as vague, and information regarding "insurance policies" and "production numbers" are not relevant to Plaintiffs' claims against State Farm. Subject to and without waiving the foregoing objections, State Farm will produce Plaintiff Humphrey's employee file from the time she was an agent intern, her TICA file from the time she was a term independent contractor agent, her agent contract file, and agency compensation information. See specifically HUMC00000001-87, 311-312, 439-440, 495-647, 648-654,655-666.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documentation related to any write-ups or investigations by or on behalf of you, into Plaintiff and/or Plaintiff's agency during the time the Agent's Agreement was in effect; including, but not limited to, any findings, conclusions, reprimands, disciplinary actions or other performance altering directions or directives.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request as duplicative of prior requests. Additionally, State Farm objects to this request on the grounds that it is vague, ambiguous, seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, State Farm does not issue "reprimands," "disciplinary actions," or "performance altering directions or directives" to Independent

Contractor Agents. Subject to and without waiving the foregoing objections, non-privileged, relevant documents will be produced. See specifically HUMC00000088, 112, 160, 162-166, 167-170, 171-205, 206-232, 236-247, 248-310, 313-438, 441-460, 667-745.

**REQUEST FOR PRODUCTION NO. 63:** Produce all documentation of meetings, discussions, correspondence, decisions, or other documents related to or involved in your termination of Plaintiffs' Agent's Agreement.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request as duplicative of prior requests. State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, responsive, non-privileged documents regarding the termination of Plaintiffs' Agent's Agreement and termination review will be produced. See specifically HUMC00000112, 113-158 160, 162-166, 167-170, 171-205, 206-232, 236-247, 667-745.

**REQUEST FOR PRODUCTION NO. 64:** Produce all records and documents of any final accounting(s), payments owed or made, offsets, premiums earned, deductions, bonuses or other compensation to Plaintiffs in accordance with the provisions of the Agent's Agreement at the time you terminated the Agent's Agreement.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, relevant documents pertaining to compensation paid to Plaintiffs will be produced. See specifically HUMC00000495-647.

Respectfully submitted, this 30th day of March, 2022.

/s/ Lance E. Leffel
Lance E. Leffel, OBA #19511
GABLEGOTWALS
One Leadership Square, 15th Floor
211 North Robinson
Oklahoma City, OK 73102-7255
lleffel@gablelaw.com
Telephone: 405.235.5500

/s/ David A. Hughes
David A. Hughes
Georgia Bar No. 375618
JACKSON LEWIS P.C.
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
David.Hughes@jacksonlewis.com

ATTORNEYS FOR STATE FARM

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC., an Oklahoma corporation; and COURTNEY HUMPHREY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO.; STATE FARM LIFE INSURANCE CO.; STATE FARM FIRE AND CASUALTY CO.; STATE FARM GENERAL INSURANCE CO., a collection of foreign insurance companies; and CLARENCE HOLLEY, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CJ-2021-140<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, a true and correct copy of **DEFENDANT STATE FARM'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**, was served via First Class U.S. Mail to the following counsel of record:

R. Greg Andrews
Andrews Law Firm, PLLC
2516 Tee Drive
Norman, OK 73069

                                                      */s/ Lance E. Leffel*
                                                      Lance E. Leffel, OBA #19511