IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC., an Oklahoma corporation; and COURTNEY HUMPHREY, an Individual,<br><br>　　　　　Plaintiffs,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO.; STATE FARM LIFE INSURANCE CO.; STATE FARM FIRE AND CASUALTY CO.; STATE FARM GENERAL INSURANCE CO., a collection of foreign insurance companies,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:  5:22-cv-00977-SLP<br>)<br>)  **(District Court of Canadian**<br>)  **County; Case No. CJ-2021-140)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT STATE FARM'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendants State Farm Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (collectively "State Farm"), serve their Fourth Supplemental Responses and Objections to Defendant Humphrey Insurance and Financial Services, Inc.'s (hereinafter "HIFS" or "Plaintiff") First Set of Interrogatories and Requests for Production.[1] State Farm incorporates its prior responses and objections as if fully set forth herein. Specifically, State Farm supplements its responses and objections to Interrogatory Nos. 1, 2, 3, 5, 6, 7, 22, and 23 and Request for Production Nos. 7, 8, 9, 14, 15, 21, 22, 26, 27, 28, 29, 30, 33, 35, 36, 37, 38, 39, 41, 45, and 66 as follows:

---

[1] HIFS served separate, identical written discovery sets to each of the four State Farm defendants. For ease of reference and judicial economy, State Farm is providing a single set of combined responses and will be producing a single set of documents on behalf of all State Farm defendants.
{S623322;}

## SUPPLEMENTAL ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify by name, residence address and residence telephone number; along with the business address and business telephone number of each and every person answering and/or assisting in answering these interrogatories, requests for production and requests for admissions submitted simultaneously herewith.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit. State Farm further objects to the interrogatory on the grounds that it seeks information protected by the work product doctrine. Subject to and without waiving the foregoing objections, in-house and outside counsel prepared State Farm's responses in consultation with Steve Bennett who may be contacted through counsel.

**INTERROGATORY NO. 2**: Identify by name, residence address and residence telephone number; along with the business address and business telephone number of all persons whom you intend to call, or anticipate calling, as a witness at the trial of this action, and state in as much detail as possible the anticipated testimony of each such person.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is premature and seeks information protected by the work product doctrine. State Farm further objects to the interrogatory to the extent it requires State Farm to marshal all of its evidence in response to an interrogatory. Subject to and without waiving the foregoing objections, State Farm will designate and disclose its trial witnesses in accordance with the applicable court rules and orders. Subject to and without waiving the foregoing objections, State Farm provides the following information regarding individuals with knowledge of relevant facts in this matter:

- Courtney Humphrey – Has information regarding her team member her own and Lori King's activities relating to the allegations in the Petition, including but not limited to

{S623322;}                                    2

activities described in the Internal Audit Investigation Report (HUMC00000172PROD) and Termination Review Company Statement (HUMC00000669PROD).

- Clarence Holley – Agency Sales Leader (ASL). May have information regarding Plaintiff Humphrey's and Lori King's activities relating to the allegations in the Petition, including but not limited to his conversations and communications with Humphrey, monthly meetings with agents and agent team members (ATMs) conducted by him and Samantha Boyd, and activities by Humphrey and Lori King described in the Internal Audit Investigation Report (HUMC00000172PROD) and Termination Review Company Statement (HUMC00000669PROD). Mr. Holley may be contacted through counsel.

- Samantha ("Sam") Boyd – May have information regarding monthly team meetings with agents and agent team members (ATMs) conducted by Clarence Holley and her. Ms. Boyd may be contacted through counsel.

- Steve Bennett – Agency Administrative Leader (AAL). May have information regarding Plaintiff Humphrey's and Lori King's activities relating to the allegations in the Petition, including but not limited to monthly meetings with agents and agent team members (ATMs) conducted by Clarence Holley and Samantha Boyd, and activities described in the Internal Audit Investigation Report (HUMC00000172PROD) and Termination Review Company Statement (HUMC00000669PROD). Mr. Bennett may be contacted through counsel.

- Reggie Gallant -Vice President Agency/Sales Administration. May have information regarding Plaintiff Humphrey's and Lori King's activities relating to the allegations in the Petition, including but not limited to activities described in the Internal Audit Investigation Report (HUMC00000172PROD) and Termination Review Company Statement (HUMC00000669PROD). Mr. Gallant may be contacted through counsel.

- Brian Maxwell – Vice President Agency. Area of responsibility during relevant time period included West Texas and most of Oklahoma. May have information regarding Plaintiff Humphrey's and Lori King's activities relating to the allegations in the Petition. Mr. Maxwell may be contacted through counsel.

- Lori King - May have information regarding her own activities as an employee of Plaintiff Humphrey relating to the allegations in the Petition, including but not limited to activities described in the Internal Audit Investigation Report (HUMC00000172PROD) and Termination Review Company Statement (HUMC00000669PROD).

- Bill Hesse – Audit Consultant/Investigations - May have information regarding Plaintiff Humphrey's and Lori King's activities relating to the allegations in the Petition, including but not limited to activities described in the Internal Audit Investigation Report (HUMC00000172PROD) and the conducting of that investigation. Mr. Hesse may be contacted through counsel.

- Other persons identified in the documents produced or otherwise during the course of discovery.

- All fact and trial witnesses listed or identified by Plaintiff.
- Other persons to be identified as this case moves closer to a trial date.

**INTERROGATORY NO. 5**: Have you kept any diaries, journals, calendars or other written record of any events relating to the claims in this matter? If your answer is yes, state the name, address and telephone number of each person who has or has had the original or a copy of each such document.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Finally, State Farm objects to the interrogatory on the grounds that it seeks private and confidential information regarding individuals who are not parties to this lawsuit. Subject to and without waiving the foregoing objections, State Farm has in its possession no documents responsive to this request.

**INTERROGATORY NO. 6**: Identify and describe in detail any and all communications between You and Plaintiff concerning matters relating to the Subject lawsuit. This interrogatory is intended to elicit all communications including, but not limited to, verbal communication, email, text messages, or written communication, between you and Plaintiffs.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor. State Farm further objects to the extent its response to this interrogatory would

result in the disclosure of information protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**INTERROGATORY NO. 7:** Identify and describe in detail any and all communications between You and any other person concerning matters relating to the Subject lawsuit. This interrogatory is intended to elicit all communications including, but not limited to, verbal communication, email, text messages, or written communication, between you and Plaintiff.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor. State Farm further objects to the extent its response to this interrogatory would result in the disclosure of information protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**INTERROGATORY NO. 8:** Explain with specificity the business relationship between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and (1) STATE FARM LIFE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries. Include in your response the roles, obligations and duties of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Finally, State Farm objects to the interrogatory to the extent it seeks confidential and proprietary business information. That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may attempt to distinguish one or more of these entities in terms of their relationship to Plaintiffs and their claims. Subject to and without waiving the foregoing objections, there are no distinctions between these four (4) entities as they relate to the relationship between State Farm and its Independent Contractor Agents ("ICAs), including but not limited to either Plaintiff, for all purposes related to this lawsuit and at all times relevant to this lawsuit. Additionally, State Farm refers to the information available at: https://www.statefarm.com/about-us/company-overview/company-profile/state-farm-companies.

**INTERROGATORY NO. 9:** Describe all agreements and/or contracts by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, that have existed since April 1, 2016.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, State Farm objects to the interrogatory to the extent it seeks confidential and proprietary business information. That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may attempt to distinguish one or more of these entities in terms of their relationship to Plaintiffs and their claims. Subject to and without waiving the foregoing objections, there are no distinctions between these four (4) entities as they relate to the relationship between

{S623322;}                                   6

State Farm and its Independent Contractor Agents ("ICAs), including but not limited to either Plaintiff, for all purposes related to this lawsuit and at all times relevant to this lawsuit.

**INTERROGATORY NO. 11:** Describe all policies and procedures by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, relating to Agents, that have existed since April 1, 2016.

**SUPPLEMENTAL ANSWER**: State Farm objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may attempt to distinguish one or more of these entities in terms of their relationship to Plaintiffs and their claims. Subject to and without waiving the foregoing objections, there are no distinctions between these four (4) entities as they relate to the relationship between State Farm and its Independent Contractor Agents ("ICAs), including but not limited to either Plaintiff, for all purposes related to this lawsuit and at all times relevant to this lawsuit. Additionally, State Farm refers to the agreements between State Farm and Plaintiff Humphrey, which are being produced. (See HUMC00000495-647).

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 7**: A copy of any statements given to you by anyone, including the Plaintiff, concerning or relating to any and all incidents which give rise to this lawsuit.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that a sweeping request for "any statements given to you by anyone" concerning or relating to "any and all incidents" which give rise to this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 8**: A copy of any communications given to you by anyone, including the Plaintiff, concerning or relating to any and all incidents which give rise to this lawsuit.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that a sweeping request for "any communications given to you by anyone" concerning or relating to "any and all incidents" which give rise to this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 9**: A copy of any and all communications given or taken by you (written, recorded, signed, videotaped or otherwise) from any person in respect to any and all events relating to the subject matter of this lawsuit.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any and all communications given or taken by you (written, recorded, signed, videotaped or otherwise) from any person" related to "any and all events" related to the subject matter of this lawsuit is vague, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 14:** Produce any Documents reflecting communications between You and Plaintiff (other than solely your attorney) which relate to the facts and circumstances alleged in the pleadings in this case.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any Documents reflecting communications" between State Farm and Plaintiff which "relate to the facts and circumstances alleged in the pleadings" is duplicative of prior requests, vague, overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant individual, type of document, or other relevant limiting factor and therefore seeks irrelevant information rather than those documents and/or communications that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject

{S623322;}　　　　　　　　　　　　　　　　9


to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 15:** Produce any Documents reflecting communications between You and any person or entity besides Plaintiff (other than solely your attorney) which relate to the facts and circumstances alleged in the pleadings in this case.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that a sweeping request for "any Documents reflecting communications" between State Farm and "any person or entity besides Plaintiff" which "relate to the facts and circumstances alleged in the pleadings" is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any audit made by you, or anyone on your behalf, of Plaintiff.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request as duplicative of prior requests.  Additionally, State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in

this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any audit made by you, or anyone on your behalf, of Plaintiff.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is duplicative of other requests, including Request No. 21 above. Additionally, State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit. State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between you and any person or entity concerning any audit made by you, or anyone on your behalf, of Lori King.

{S623322;}                                                                11

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit.  State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any audit made by you, or anyone on your behalf, of Lori King.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request to the extent it is duplicative of Request No. 26 above.  State Farm further objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The request is not limited to a relevant time period, individual, subject matter, or other relevant limiting factor and seeks irrelevant information rather than those documents that are relevant to the allegations asserted in this lawsuit.  State Farm further objects to the request to the extent that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 28:** Produce all agreements and/or contracts by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, that have existed since April 1, 2016.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may attempt to distinguish one or more of these entities in terms of their relationship to Plaintiffs and their claims. Subject to and without waiving the foregoing objections, there are no distinctions between these four (4) entities as they relate to the relationship between State Farm and its Independent Contractor Agents ("ICAs), including but not limited to either Plaintiff, for all purposes related to this lawsuit and at all times relevant to this lawsuit.

**REQUEST FOR PRODUCTION NO. 29:** Produce all policies and procedures by and between STATE FARM LIFE INSURANCE COMPANY and (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (2) STATE FARM FIRE AND CASUALTY COMPANY, and (3) STATE FARM GENERAL INSURANCE COMPANY, to include any of their subsidiaries, relating to Agents, that have existed since April 1, 2016.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may attempt to distinguish one or more of these entities in terms of their

relationship to Plaintiffs and their claims. Subject to and without waiving the foregoing objections, there are no distinctions between these four (4) entities as they relate to the relationship between State Farm and its Independent Contractor Agents ("ICAs), including but not limited to either Plaintiff, for all purposes related to this lawsuit and at all times relevant to this lawsuit.

**REQUEST FOR PRODUCTION NO. 30:** Produce all policies and procedures relating to the agency candidate process that have existed since April 1, 2016.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that it is unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may attempt to distinguish one or more of these entities in terms of their relationship to Plaintiffs and their claims. Subject to and without waiving the foregoing objections, there are no distinctions between these four (4) entities as they relate to the relationship between State Farm and its Independent Contractor Agents ("ICAs), including but not limited to either Plaintiff, for all purposes related to this lawsuit and at all times relevant to this lawsuit.

**REQUEST FOR PRODUCTION NO. 33:** Produce copies of all DAC & ATM agreements/contracts.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that it is vague and ambiguous, overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. That said, based on communications between the parties' counsel in this lawsuit, it is State Farm's understanding that Plaintiffs are interested in this information due to concerns that State Farm may receive "kickbacks" or other compensation for DAC and ATM

agreements/contracts. Subject to and without waiving the foregoing objections, State Farm does not receive compensation from these marketing programs but subsidizes the costs of agents who chose to participate. See also Defendant State Farm's First Supplemental Response to Interrogatory No. 17.

**REQUEST FOR PRODUCTION NO. 34:** Produce copies of all training material that explained and/or educated producers/agents/agent's team members on how to audit consumer report history for 2015, 2016, 2017, 2018, 2019, and 2020.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing objections, a transcript of training courses completed by Plaintiff Humphrey will be produced. See specifically HUMC00000467-494 previously produced. No responsive documents relating to "training material" on "how to audit consumer report history" have been identified by State Farm after reasonable search.

**REQUEST FOR PRODUCTION NO. 35:** Produce copies of the Agency Access Data Request for Plaintiffs' alias, wz95 for Plaintiffs' outlook mailbox, workstation hard drive, and W drive files for Plaintiffs and Plaintiffs' employees at the time of termination.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. That said, based on communications between parties' counsel in this lawsuit, State Farm believes this request refers to documents State Farm produced to Kirk Fuqua in February 2020 in response to a third-party subpoena issued by his attorneys in the case *Kirk Fuqua Insurance Agency v. Brandon C. Rondon*,

{S623322;}                                                       15

Civil Action No. 5:19-cv-00428-D (W.D. Okla.). Subject to and without waiving the foregoing objections, see HUMC00003607-3784 produced herewith.

**REQUEST FOR PRODUCTION NO. 36:** Produce copies of what you provided to Kirk Fuqua or his employee, Cassie Gryder, or anyone else on his behalf, in reply to their submission of the Agency Data Request form to gain access to the computer files of Plaintiffs' employee, Brandon Rondon, between January 1, 2019 and December 31, 2019.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. That said, based on communications between parties' counsel in this lawsuit, State Farm believes this request refers to documents State Farm produced to Kirk Fuqua in February 2020 in response to a third-party subpoena issued by his attorneys in the case Kirk Fuqua Insurance Agency v. Brandon C. Rondon, Civil Action No. 5:19-cv-00428-D (W.D. Okla.). Subject to and without waiving the foregoing objections, see HUMC00003607-3784 produced herewith.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between Clarence Holley and Kirk Fuqua concerning either of the Plaintiffs in this litigation, between July 1, 2016 and December 31, 2019. Clarence Holley's corporate phone line was 405-385-3600 and Kirk Fuqua's cell phone number was 318-349-0685.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving the foregoing objections, no responsive communications have been identified by State Farm based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between Steve Bennett and Kirk Fuqua concerning either of the Plaintiffs in this litigation, between January 1, 2015 and December 31, 2019. Kirk Fuqua's cell phone number was 318-349-0685.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, no responsive communications have been identified by State Farm based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents, letters, memos, notes, electronic files, e-mails, statements, calendar entries, videos or audio recordings, photographs, texts, electronic messages of any kind (using any messaging platform or application), or other material that relate to any meeting, conversation or discussion, however informal, between Clarence Holley and Samantha Haddock a/k/a Samantha Boyd concerning either of the Plaintiffs in this litigation, between July 1, 2016 and December 31, 2019. Clarence Holley's corporate phone line was 405-385-3600 and Samantha Boyd's cell phone number was 405-788-9601.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 40:** Produce copies of timeline and powerpoints shown during training and meeting presentations hosted and trained by Clarence Holley and/or Samantha Haddock a/k/a Samantha Boyd to agents and team members that were hosted at VPA Brian Maxwell office, or other locations in Oklahoma County, between January 1, 2016 and December 31, 2020.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Mr. Holley and Ms. Boyd neither created nor used such materials for presentations during said time period and State Farm has no such materials in its possession.

**REQUEST FOR PRODUCTION NO. 41:** Produce copies of all emails from Clarence Holley and/or Samantha Haddock a/k/a Samantha Boyd to Plaintiff, Courtney Humphrey, during her TICA year.

**SUPPLEMENTAL RESPONSE**: State Farm objects to this request on the grounds that it is overly broad in time and scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, see production index included as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents related to Plaintiffs or Plaintiffs' agency sent by or received by You from any of the other Defendants in this lawsuit during the time the Agent's Agreement was in effect, specifically including the one (1) year period prior to your termination of the Agent's Agreement.

**SUPPLEMENTAL RESPONSE**:   State Farm objects to this request on the grounds that it is overly broad in scope, unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, State Farm has no knowledge of any documents responsive to this request.

Respectfully submitted this 9th day of December 2022.

Respectfully submitted,

*/s/ Lance E. Leffel*

Lance E. Leffel, OBA No. 19511
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Avenue, Suite 2200
Oklahoma City, OK  73102
(405) 235-5500
(405) 235-2875 (fax)
*lleffel@gablelaw.com*

David A. Hughes
*(Admitted Pro Hac Vice)*
JACKSON LEWIS P.C.
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
David.Hughes@jacksonlewis.com

***Attorneys for Defendant, State Farm Fire and Casualty Company***

## CERTIFICATE OF SERVICE

      I hereby certify that on December 9, 2022, I have sent these Supplemental Responses via U.S. Mail to the following counsel for Plaintiffs:

R. Greg Andrews, OBA No. 19037
Andrews Law Firm, PLLC
2516 Tee Drive
Norman, OK 73069
PH: 405-360-7001
FAX: 405-360-7002
Greg@andrews.law

Matthew B. Eckstein, OBA No. 19087
Eckstein Law Firm, PLLC
2516 Tee Drive
Norman, Oklahoma 73069
PH: (405) 738-8871
FAX: (405) 360-7002

*Attorneys for Plaintiff*

                                                    Lance E. Leffel