

**Matt Eckstein &lt;matt@eckstein.law&gt;**

---

# Humphrey v. State Farm

**Hughes, David A. (Atlanta)** &lt;David.Hughes@jacksonlewis.com&gt;   Tue, Jan 24, 2023 at 3:18 PM
To: Matt Eckstein &lt;matt@eckstein.law&gt;, Lance Leffel &lt;lleffel@gablelaw.com&gt;
Cc: Andrews Law &lt;greg@andrews.law&gt;, "Wallace, Tracey R. (Dallas)" &lt;Tracey.Wallace@jacksonlewis.com&gt;

Matt, please see State Farm's responses below setting forth our thoughts on Plaintiff's discovery requests still at issue. Just let us know if you have questions or want to further discuss.



**David A. Hughes**
Attorney at Law

**Jackson Lewis P.C.**
171 17th Street, NW
Suite 1200
Atlanta, GA 30363
Direct: (404) 586-1832 | Main: (404) 525-8200
David.Hughes@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Matt Eckstein &lt;matt@eckstein.law&gt;
**Sent:** Friday, January 20, 2023 1:11 PM
**To:** Lance Leffel &lt;lleffel@gablelaw.com&gt;; Hughes, David A. (Atlanta) &lt;David.Hughes@jacksonlewis.com&gt;
**Cc:** Andrews Law &lt;greg@andrews.law&gt;
**Subject:** Humphrey v. State Farm

Lance and David, I wanted to touch base with you both and let you know what I

have still outstanding on your discovery responses. I know that we have agreed to disagree on many of these and I will be filing a motion to compel, but I wanted to make sure before I do that, that I have received all the responses. These are the Interrogatories and Requests for Production that I show as objected to by State Farm after the four supplements. If you could just verify that I have not missed any that you have provided in your four supplements and that we are on the same page about the outstanding request I think it will save both of us some time. I have the following as still not answered or produced:

Interrogatory No. 3 – Resolved. During our 10/27/22 "good faith" call, you agreed Plaintiff needs to name experts first. Also, expert disclosures are governed by our Scheduling Order.

Request for Production No. 16 – Resolved. Per SF's RFP response, it has no logs, journals, etc.

Request for Production No. 17 – Resolved. Trial exhibit disclosures are governed by Scheduling Order.

Request for Production No. 19 – Unresolved.** Awaiting info from Plaintiffs. You agreed during our 10/27 call that you would ask plaintiff to explain "compliance checks" as this is not a term used by SF.

Request for Production No. 20 – Unresolved. Awaiting info from Plaintiffs. Compliance checks. Same as RFP 19.

Request for Production No. 22 – Resolved. SF agreed during 10/27 call to identify bates range for Humphrey audit (previously produced) and any related docs. We do so in our 4th Supplemental Responses.

Request for Production No. 24 – Unresolved. Awaiting info from Plaintiffs. Compliance checks. Same as RFP 19.

Request for Production No. 25 – Unresolved. Awaiting info from Plaintiffs. Compliance checks. Same as RFP 19.

Request for Production No. 29 – Resolved. We agreed during 10/27 call that SF would supplement to explain there are no distinctions between four SF entities in relation to Agents. See 4th Supp. Responses.

Request for Production No. 32 – Unresolved. SF maintains TICA procedures are irrelevant because Humphrey's time as TICA is not at issue. She became an Agent.

Request for Production No. 43 – Unresolved. SF maintains its objections re. its customers transferred from Fuqua's to Humphrey's agency.

Request for Production No. 44 – Unresolved. SF maintains objections re. its customers transferred after termination of parties' Agreement.

Request for Production No. 45 – Unresolved. Request for Fuqua ODI documentation is irrelevant to claims in this lawsuit.

Request for Production No. 46 – Unresolved. Info re. agent Fuqua and his employees is irrelevant. Also audit of Fuqua agency was conducted under in-house counsel's supervision and is privileged.

Request for Production No. 47 – Unresolved. Consumer report histories of agents attending Fuqua's seminars are irrelevant. Also, burdensome b/c 1000's attended. Regardless, SF does not know their identities.

Request for Production No. 49 – Unresolved. SF maintains all objections re. customers transferred and receiving agencies. Customers belong to SF under parties' Agreement.

Request for Production No. 53 – Unresolved. Employment files of SF's managers are irrelevant to claims alleged in this lawsuit. SF maintains all objections.

Request for Production No. 54 - Unresolved. Employment files of SF's managers are irrelevant to claims alleged in this lawsuit. SF maintains all objections.

Request for Production No. 55 - Unresolved. Employment files of SF's managers are irrelevant to claims alleged in this lawsuit. SF maintains all objections.

Request for Production No. 56 - Unresolved. Employment files of SF's managers are irrelevant to claims alleged in this lawsuit. SF maintains all objections.

Request for Production No. 57 - Unresolved. Employment files of SF's managers are irrelevant to claims alleged in this lawsuit. SF maintains all objections.

Request for Production No. 58 – Resolved. Counsel agreed during 10/27 that SF does not possess file of Humphrey's employee Lori King, as confirmed in our 4th Supplemental Responses.

Request for Production No. 59 – Resolved. During our 10/27 call you agreed Plaintiffs' request for all docs relating to all claims/defenses is overbroad.

Request for Production No. 65 – Unresolved. We maintain all objections. Customers belong to State Farm under parties' Agreement.

Request for Production No. 70 – This one re. Requests for Admissions has not been previously discussed or identified by Plaintiffs as "at issue." However, SF maintains its objections.

**\*\* State Farm maintains all previously asserted objections to all unresolved interrogatories and RFPs, whether or not designated above as "unresolved." With respect to all designated "unresolved" above, State Farm's objections are set forth in State Farm's Responses and Objections served 12/15/21 and, except for RFP No. 70, all such objections are further set forth and discussed in State Farm's Response in Opposition to Plaintiffs' Motion to Compel filed 9/2/22 in Canadian Co. District Court.**

[Quoted text hidden]