# **EXHIBIT 2**

```
 1             IN THE DISTRICT COURT OF CANADIAN COUNTY

 2                        STATE OF OKLAHOMA

 3
     HUMPHREY INSURANCE AND       )
 4   FINANCIAL SERVICES, INC.,    )
     AN OKLAHOMA CORPORATION;     )
 5   AND COURTNEY HUMPHREY,       )
     AN INDIVIDUAL,               )
 6                                )
             Plaintiff,           )
 7                                )
     v.                           )   CASE NO:  CJ-2021-140
 8                                )
                                  )
 9   STATE FARM MUTUAL            )
     AUTOMOBILE INS CO;           )
10   STATE FARM LIFE INSURANCE    )
     CO; STATE FARM FIRE AND      )
11   CASUALTY INSURANCE CO;       )
     STATE FARM GENERAL           )
12   INSURANCE CO;                )
     A COLLECTION OF FOREIGN      )
13   INSURANCE COMPANIES;         )
     AND CLARENCE HOLLEY,         )
14   AN INDIVIDUAL,               )
                                  )
15           Defendant.           )

16
                         * * * * * * * *
17                  TRANSCRIPT OF PROCEEDINGS
                     HAD ON OCTOBER 21, 2022
18              BEFORE THE HONORABLE PAUL HESSE
                         DISTRICT JUDGE
19                       * * * * * * * *

20

21

22

23
     Reported by:
24   Brianne Evans, CSR
     Canadian County Court Reporter
25   El Reno, Oklahoma  73036
```

**DISTRICT COURT OF OKLAHOMA - OFFICIAL TRANSCRIPT**

```
 1                    A P P E A R A N C E S

 2

 3    For the Plaintiff(s):

 4                              Matthew B. Eckstein
                                Attorney at Law
 5                              2516 Tee Drive
                                Norman, Oklahoma 73069
 6

 7                              R. Greg Andrews
                                Attorney at Law
 8                              2516 Tee Drive
                                Norman, Oklahoma 73069
 9

10    For the Defendant(s):

11                              Lance E. Leffel
                                Attorney at Law
12                              499 West Sheridan, Suite 2200
                                Oklahoma City, Oklahoma 73102
13

14                              Claire L. Cook
                                Attorney at Law
15                              500 N. Akard Street, Suite 2500
                                Dallas, Texas 75201
16

17

18

19

20

21

22

23

24

25
```

1  THE COURT: This is case CJ-2021-140, *Humphrey*
2  *Insurance and Financial Services v. State Farm Mutual*
3  *Automobile Insurance Company and others.*
4  We are scheduled this morning for a hearing on the
5  two motions to compel that are pending right now, the
6  plaintiffs' and the defendants'.
7  If I could get the parties to announce their
8  appearances beginning with the plaintiffs, please.
9  MR. ANDREWS: Greg Andrews and Matt Eckstein on
10 behalf of both plaintiffs.
11 MR. LEFFEL: And Lance Leffel and Claire Cook on
12 behalf of the State Farm entities.
13 THE COURT: All right. Thank you and good
14 morning.
15 Let's go ahead and start with the Plaintiff's
16 Motion to Compel that was filed back on August the 19th.
17 There was a response and reply that were filed. I have read
18 everything, so just keep that in mind when you want to
19 present your arguments to me.
20 Has there been any change status of the discovery
21 since the most recent filing?
22 MR. ECKSTEIN: Judge, I've had several
23 conversations with Mr. Hughes. I believe he is State Farm's
24 counsel out of Atlanta, and as of yesterday afternoon,
25 Mr. Hughes said there was a couple things he was going to

1    staff with his team.  But we basically both decided we were
2    just going to agree to disagree on a couple things and
3    so. . .
4              THE COURT:  Okay.  So there haven't been any
5    productions by the defendant since the reply was filed,
6    Mr. Leffel?
7              MR. LEFFEL:  Yeah, not since the reply.  I think
8    since the motion was filed our final and third and final
9    supplemental of about 187 documents was produced.
10             There are a couple of things, I think like on the
11   interrogatory asking for identification of who participated
12   we are going to supplement that to include that not only did
13   Mr. Bennett review and verify those with the assistance of
14   counsel, but there was also in-house counsel that assisted
15   in preparing those responses.  So that would be one
16   additional supplementation.  I think that's the bulk of it.
17             Most of it we either believe we have complied or
18   we've said we don't understand the relevance of that and we
19   haven't gotten to a point to where we see eye to eye on some
20   of the additional items.
21             THE COURT:  What I'd like to do before we get into
22   any of the particular interrogatories or requests that are
23   at issue is the meet and confer.
24             The defendant set out in their response their
25   efforts to meet and confer in this case in quite a lot of

```
 1   detail.  The plaintiffs didn't include much in their Motion
 2   to Compel.  And I don't recall really seeing anything in the
 3   reply about the efforts to get some of these discovery
 4   issues resolved.
 5            So I'd like to hear from Plaintiff's counsel on
 6   that particular issue before we go any further as to the
 7   specific discovery disputes.
 8            MR. ECKSTEIN:  Judge, I think it was back in May
 9   that we scheduled a telephone conference with Mr. Hughes.
10   It was maybe 30, 45 minutes.  And a lot of that, Judge, was
11   just me introducing myself to him and him doing the same.
12            We brought up all these issues, and basically he
13   told me that they were standing by their objections.  And at
14   that time we also discussed --
15            THE COURT:  Well, that -- I'm sorry to interrupt.
16   You said that was back in May?
17            MR. ECKSTEIN:  Yeah.
18            THE COURT:  Okay.
19            MR. ECKSTEIN:  It was before we filed our Motion
20   to Compel.  I don't know the exact date.  He had sent me a
21   request on his 3-S system and we had a phone conversation.
22   In that phone conversation, we also scheduled one to discuss
23   his discovery and I don't believe -- I believe Mr. Andrews
24   has covered that and then something occurred and that didn't
25   happen.  But we have since talked to him multiple occasions.
```

1        THE COURT: It appeared from the response that was
2   filed by the defendants that there had been subsequent
3   supplements to their discovery after their initial one,
4   including at least two since that telephone call that you
5   had with Mr. Hughes in May.
6        That's not identified in your motion that those
7   things have been done, correct?
8        MR. ECKSTEIN: I believe you're correct, Your
9   Honor.
10        THE COURT: Okay. So at the time that you filed
11   your Motion to Compel, that didn't accurately state kind of
12   the current state of the discovery between you and the
13   defendant.
14        MR. ECKSTEIN: Correct.
15        THE COURT: Why not?
16        MR. ECKSTEIN: Judge, there was just so much of
17   this that we had to go through and there was -- and I --
18   Mr. Andrews asked me to help on this and I got on a little
19   late, and I was just getting up to speed. So that could
20   have been my fault.
21        THE COURT: Do you have the defendant's response
22   in front of you?
23        MR. ECKSTEIN: I do. You're talking about their
24   initial response?
25        THE COURT: The one that was filed September

```
 1  the 2nd.
 2            MR. LEFFEL:  Mr. Eckstein.
 3            MR. ECKSTEIN:  Thank you.
 4            I do now, Judge.
 5            THE COURT:  If you'd flip to page 5 then you'll
 6  see on page 6 and then the top of page 7 the defendant set
 7  out their attempts to meet and confer concerning the
 8  discovery disputes.
 9            Do you dispute any of their factual allegations of
10  what they did to try to resolve the discovery disputes.
11            MR. ECKSTEIN:  No.
12            THE COURT:  Then why should I consider your motion
13  at this time, Mr. Eckstein?
14            MR. ECKSTEIN:  Judge, we complied with the initial
15  meeting and it was very clear when I spoke to Mr. Hughes
16  that he wasn't amending or supplementing anything.
17            THE COURT:  But they did.  They did on July
18  the 29th before you even filed your motion.
19            MR. ECKSTEIN:  But these were not the things
20  that -- these did help a little bit.  I think there was only
21  three of them that they addressed.  But, Judge, they
22  didn't -- they objected to everything.
23            And it's good that they did supplement those
24  three.  However, the majority of these, the other 99 percent
25  of these we don't have.  We don't have answers.  They did
```

1  turn over some documents, Judge, but it's things like --
2  well, you saw it in the first reply.  See documents 1
3  through 745.  They don't identify the documents.  They
4  don't -- you know, they don't specify what the documents
5  are, which one they're responsive to.  They're just dumping
6  these documents.
7           Yes, they did turn over approximately over 3,000
8  documents.  But, you know, we don't know what they're
9  responsive to because they're just, like, see response to
10 this one, and they cut and paste and they object to
11 everything, Judge.
12          We're asking for things that we need.  One of
13 them -- we asked, for example, Judge, number 21 we asked for
14 a copy of their internal audit and they said it was overly
15 broad and unduly burdensome.  It's their audit.  They did
16 it.  We believe there was only one.
17          These are documents that we need, Judge.  And I
18 could have met with Mr. Hughes 20 times and I wouldn't have
19 got any different of a response.  And we've worked with them
20 on this, Judge.  And it's just -- it's liking beating your
21 head up against the wall.
22          If they're going to stand by their objections how
23 many times do I have to talk to them and tell them -- you
24 know, how many times does he have to tell me that?  And I
25 spoke with him twice this week, Judge.  It's not like we're

```
 1  not talking to them.
 2            I don't know if it's the Atlanta office is not
 3  talking to the Oklahoma City office or -- we have been
 4  talking.  We have discussed these items and, you know, even
 5  as -- yesterday he was, like, well, I'll look into some of
 6  this stuff.
 7            But, I mean, it doesn't change the fact, Judge
 8  that either they're not -- they're not answering anything.
 9  They're objecting to everything.  Some of their objections
10  are almost a page long and we just -- these are standard
11  things we need, Judge.  And, I mean, how much of our time
12  are we supposed to waste with them telling us we're going to
13  stand by our objections?
14            THE COURT:  Well, I'm not suggesting that my time
15  is any more valuable than yours, Mr. Eckstein.  But when you
16  present this motion back in August, it didn't accurately
17  reflect the state of where discovery was.  And so I'm having
18  to weed through all of these different interrogatories,
19  requests for documents and admissions and then their
20  response.  But a lot of it is -- I shouldn't say a lot.
21  Some of it has become moot because of the responses that
22  they have given you since you filed this and even before you
23  filed it.
24            MR. ECKSTEIN:  And, Judge, I understand that and
25  we can make the same argument about some of their requests.
```

```
 1              THE COURT:  We'll get to that in a moment.  But
 2   for what I've read in their motion or their response, it
 3   appears as though they have gone through the steps that are
 4   necessary to get before me to resolve the discovery dispute.
 5              This should be the last resort of you-all coming
 6   to me and me going through each one of your interrogatories
 7   and request for production to see if they're discoverable or
 8   not, and this hasn't been done by you.  I mean, by your own
 9   admission you did not accurately tell me what was at issue
10   when you filed your motion in August.  And you did go
11   through the meet and confer requirements in Section 3237.
12   You need to be doing it in good faith.
13              I understand what happened in May, and I think the
14   defendants even describe that telephone conversation to some
15   extent that there was that meeting.  But they obviously did
16   give you more.  There was some progress being made.  And at
17   some point I understand you've got to say look, you know,
18   they're just slow-balling you, it's taking forever to get
19   stuff.  But if you've gone through -- you need to go through
20   the meet and confer requirement before you come to me, and
21   it doesn't appear to me that you've done that.
22              So I am denying your Motion to Compel on all the
23   grounds right now without prejudice.  I will allow you to
24   resubmit your motion after you've met and conferred with
25   counsel and then you accurately present to me what is at
```

1   issue.  So that motion is denied.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25