IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUMPHREY INSURANCE AND FINANCIAL SERVICES, INC., an Oklahoma corporation; and COURTNEY HUMPHREY, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO.; STATE FARM LIFE INSURANCE CO.; STATE FARM FIRE AND CASUALTY CO.; STATE FARM GENERAL INSURANCE CO., a collection of foreign insurance companies,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No. CIV-22-977-SLP |

### **O R D E R**

Before the Court is Plaintiffs' Motion to Compel and Brief in Support [Doc. No. 24]. Defendants have filed their Response [Doc. No. 25]. Plaintiff has been given an opportunity to Reply but has not timely done so. The matter is at issue.

Plaintiffs' Motion seeks to compel responses to its Request for Production Nos. 19-20, 24-25, 32, 43-47, 49, 53-57. On March 14, 2023, the Court conducted a hearing on this matter.

Prior to the hearing, the Court directed the parties to further meet and confer regarding the matters in dispute. During that time, the parties were able to resolve the Motion as to Plaintiffs' Requests for Production Nos. 19-20 and 24-25. Thus, based on the representations of counsel at the hearing and as reflected in the Court's minute,

Plaintiffs' Motion is DENIED as MOOT as to those requests.  A total of twelve requests remain in dispute.

At the hearing, it became immediately apparent to the Court that the parties had not engaged in any meaningful meet and confer as to the remaining matters in dispute. Indeed, the Court repeatedly referenced this fact.  In this regard, the Court finds it notable, and of concern, that a prior motion to compel filed by Plaintiffs in state court, before this action was removed to federal court, was denied on the very basis that an adequate meet and confer had not taken place.  *See* State Court Tr. [Doc. No. 25-2].

Plaintiffs' Motion is devoid of any argument as to why production should be compelled.  The Motion fails to explain the relevance of any request with respect to the claims at issue in this litigation.  It appears such explanation was first attempted in the course of the hearing and not at the meet and confer.  Furthermore, it does not appear to the Court that Plaintiffs made any attempt to narrow production even in instances where the overbreadth of the request is obvious.  For example, Request for Production No. 53 seeks production of "the *complete personnel file* for each person directly involved in the determination to terminate Plaintiffs' agency agreement."  Pls.' Mot. at 10 (emphasis added).  The request carves out "[d]ocuments related to insurance, other benefits, beneficiaries, banking information, or direct deposit information."  *Id*.  Notwithstanding the carve out, Plaintiffs request remains overly broad.  Plaintiffs fail to demonstrate why, for example, a document in a particular employee's personnel file as to his or her tardiness to work, is relevant to the claims or defenses at issue in this action.  The Court

cites this example for illustrative purposes.  The overbreadth of many other requests is also apparent.

As to Defendants' efforts to meet and confer, the Court notes similar deficiencies. Defendants raised many "boilerplate objections" without attempting to work towards some resolution with Plaintiffs – whether by seeking clarification of a request, or a narrowing of the request.

The Court notes that throughout the hearing, the parties appeared quite capable of coming up with potential solutions to various matters in dispute.  Of course, the hearing was not the appropriate time or place at which to do so.

In light of the foregoing, the Court DENIES Plaintiffs' Motion to Compel without prejudice as to Request for Production Nos. 32, 43-47, 49 and 53-57.  The Court directs the parties to further meet and confer, candidly and in good faith, to resolve the matters that remain outstanding.  The parties now have the benefit of the hearing which telegraphs the Court's questions, concerns and/or inclinations as to the scope and relevance of the outstanding requests for production.  The Court anticipates the parties' ability to completely resolve these matters.  However, if a future motion to compel is filed, such motion must be accompanied by a thorough recitation (and, if appropriate, documentation) of what transpired at the meet and confer.  Moreover, the motion must clearly delineate to the Court what production has been made, the relevance of any outstanding production tied to a specific claim, defense, or request for damages, the precise reason for any withheld production, and citation to appropriate authority to

support the compelling or withholding of the production. Any briefing submissions that do not comply with this directive will be summarily stricken.

    IT IS SO ORDERED this 23rd day of March, 2023.

_[signature]_

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE